W. T. WALKE and wife SALLIE R. WALKE *v.* JNO. M. MOODY, *et al.*

Where the land of an infant was sold for partition in 1856, under a decree of the Court of Equity, and the Court decreed " that the Master proceed to collect the purchase money, tax the costs incurred, and pay over the residue to the parties entitled, and upon the payment of the purchase money the Master execute title to the purchaser :" *Held*, that the payment of the principal part of the purchase money and a note given to the Guardian of the infant for the residue, was not a compliance with the decree of the Court.

In such a case the plaintiff has a lien upon the land for the payment of the residue of the purchase money, and is entitled to a decree for a resale of the land for the payment thereof.

Where the purchaser went into bankruptcy, his assignee only acquired the interest which the bankrupt owned.

A purchaser at a Sheriff's sale, where the defendant in the execution has the legal title, succeeds only to the rights of the defendant in the execution, and is affected by all the equities against him.

*Singletary* v. *Whitaker*, Phil. Eq. 77 ; *Freeman* v. *Hill*, 1 D. & B. Eq. 339 ; *Polk* v. *Gallant*, 2 D. & B. Eq. 395 ; *Carr* v. *Fearington*, 63 N. C. 560, cited and approved.

Civil action, upon a case agreed and tried before *Clarke, J.,*
at Spring Term, 1871, of NORTHAMPTON Superior Court.

The facts of this case are sufficiently stated in the opinion of
the Court.

*Conigland* and *Moore & Gatling,* for plaintiff.
*Smith,* for defendant.

BOYDEN, J.   This case comes before this Court, by way of
appeal from the decision of his Honor Judge Clarke, holding
the Superior Court of Northampton, in the place of Judge
Watts, upon a case agreed, by which it appears that the lands
of the *feme* plaintiff, and her sister, then minors, were sold
under a decree of the Court of Equity for Northampton, under
a petition filed for that purpose ; and purchased for the sum of
$2,730, by the defendant, John M. Moody.   Whereof he paid
in cash the estimated costs $75 and gave his bonds for the
residue, to-wit: one for $1,050 and one for $240, payable at
12 months ; and one for $1,025, and another for $240, payable
at 24 months, with interest from the day of sale.

At the Spring Term, 1856, of the Court, the report of the
sale was made and confirmed, and the cause was continued
from term to term, till Fall Term, 1858, when it was ordered :

" That the Master proceed to collect the purchase money,
tax the costs incurred, and pay over the residue to the parties
entitled."   And it was further ordered :

" That upon the payment of the said purchase money, the
Master execute title to the purchaser ; and that this decree be
enrolled."

The two bonds payable at twelve months, were paid ; and on
the last two falling due, suit was instituted by the Clerk and Mas-
ter, in the County Court of Northampton ; judgment recovered,
execution issued and delivered to the Sheriff, returnable to the
December Term, 1858 ; and at that Term, returned by the
Sheriff with his endorsement, " satisfied in full."

The payment was made in cash, by the said John M. Moody,. as to all except the sum of $1,249.37, for which sum said Moody executed his bond to David A. Barnes, guardian of Sallie R., the *feme* plaintiff, dated Nov. 29th, 1858, and bearing interest from the 30th of October previous, which the said D. A. Barnes agreed to accept, and did accept in payment and satisfaction of the execution aforesaid; and the same was so accordingly returned by the Sheriff.

This sum was the balance due the said Sally R. from said sale, as the residue of her share thereof, all the rest having been paid.

There was no agreement or understanding, that the land was to remain bound, for the balance so due, and for which the said bond was given.

No title has ever been made by the Clerk and Master.

The land aforesaid has been sold by the Marshal of the United States, for the district of North Carolina, under execution against said John M. Moody; and purchased by the defendant, Leigh, to whom the same has been conveyed by deed, previous to the commencement of this action, but without notice to plaintiffs.

After the last mentioned sale, and before the action was instituted, the defendant, Moody, filed his petition in bankruptcy; and has been adjudged a bankrupt, and obtained his discharge from all his debts, owing on the day of filing the same, and has pleaded the same against this action, in an amended issue. The other defendants are the assignees in bankruptcy of the said Moody, and claim by virtue thereof.

The sale by the Marshal, and the appointment of the assignees were before the commencement of this action.

It is submitted upon this statement of facts, whether the plaintiffs are entitled to any, and what decrees or judgment, as claimed in their complaint?

It is the duty of the Court in decreeing the sale of the land of infants, to retain the title of the land as security for the

payment of the purchase money, no matter what other security may have been taken for its payment; and our Courts have always been particularly cautious in their decrees of sale, so to order; and in this case the decree was so framed; and the Master was only to make title upon the payment of the purchase money. So, that if the Master had actually made title to the purchaser, it would have been without authority; and in Equity would have passed no title to the purchaser. *Singletary* v. *Whitaker*, Phil. Eq. 77, cited by the counsel for plaintiffs. A purchaser at a Sheriff's sale, even where the defendant in the execution has the legal title, succeeds only to the rights of the defendant in the execution, and is affected by all the equities against him; *Freeman* v. *Hill*, 1 D. &. B. Eq. 339. And much more must this be so, says Chief Justice Ruffin, where the defendant has himself but an equity, as in this case; *Polk* v. *Gallant,* 2 D. & B. Eq. 395. The purchaser in such a case, says the Chief Justice, can only claim to stand in the shoes of the debtor; and can get a title only by doing those acts on the performance of which the debtor himself would have been authorized to ask for a conveyance; that being in this case the payment of the residue of the purchase money.

The purchaser at the sale of the Marshal, and the assignees in bankruptcy, stand in the same relation to the debtor in regard to title, as a purchaser at a sale under execution made by the Sheriff. They too, must stand in the shoes of the debtor, affected by all the equities; and can only get a title by payment of the purchase money, due from the debtor. *Carr* v. *Fearington*, 63 N. C. 560.

It is true, that if the debt, due the *feme* plaintiff had actually been paid, then there being nothing but an outstanding naked legal title, the sale by the Marshal, or by the assignees in bankruptcy, and a deed made by them to the purchaser would have transferred to him both the legal and equitable title, and would have divested the title of the *feme* plaintiff;

but a sale of an equitable estate, when a considerable sum of money is still due as in our case, cannot have that effect.

The judgment of his Honor in the Court below was erroneous; and it is declared by the Court here, that the plaintiffs have a lien upon the *feme* plaintiff's share of the land, mentioned in the complaint, for the payment of the residue of the purchase money, and to a decree directing a resale of the *feme* plaintiff's interest in said land ; and the payment of the said debt out of the proceeds thereof, unless the said John M. Moody, or some one in his behalf, will come in, and pay by a day certain, the principal and interest due upon the bond mentioned in the complaint, for $1,249.37, with interest, from the 30th day of October, 1858, together with the costs of this suit, to be taxed by the Clerk.

PER CURIAM.                                    There was error.