*JOHN N. DAVIS v. JACOB ROGERS and others.

*Equity of Redemption—Reformation of Deed—Payment.*

Where one brings his action against the widow and heirs at law of a person deceased to redeem land conveyed to the decedent upon payment of a debt which said conveyance was made to secure, and obtains a decree accordingly, the acceptance by the administrator of the deceased of the plaintiff's unpaid note is no satisfaction of such debt, and the land continues charged therewith until actual payment, notwithstanding an entry of satisfaction by the administrator, unobjected to by the clerk of the court, on the docket of the court where the cause is pending.

---

* Ashe, J., having been of counsel did not sit on the hearing of this case.

Davis *v*. Rogers.

(*Barnes* v. *Morris*, 4 Ired. Eq., 22; *Hyman* v. *Devereux*, 63 N. C.. 624; *Small* v. *Small*, 74 N. C., 16; *Walker* v. *Moody*, 65 N. C., 599; *Singletary* v. *Whitaker*, Phil. Eq., 77; *Kidder* v. *McIlhenny*, 81 N. C., 123; *Isler* v. *Murphy*, 71 N. C., 436, cited and approved.)

Motion in the cause heard at Spring Term, 1880, of Union Superior Court, before *McKoy, J.*

The plaintiff, assignee of John S. Pardue, brings his action against the widow and heirs at law of Mosely Rogers, deceased, to have a deed absolute in form, and conveying the tract of land described in the complaint, declared to be a security for debt, and to be permitted to redeem the same. At spring term, 1872, a decree was passed determining the rights of the parties and the amount of the encumbering debt, so much of which as bears upon the present controversy is as follows:

" It is thereupon considered, adjudged and decreed by the court now here, that upon John N. Davis, or any one for him, paying into the office of the superior court clerk of Union county, for the use of the defendants and for their benefit equally, the sum of $311.19, on or before the 26th day of April, 1872, or within twenty days thereafter, and all costs to be taxed by the clerk, including an allowance of five dollars for his report, then and in that event, a conveyance of the land mentioned in the pleadings, is hereby decreed from the defendants, each and all of them, to the plaintiff, John N. Davis; but inasmuch as many of the defendants are minors, it is further declared, adjudged and decreed, pursuant to law, (Revised Code, ch. 32, § 24,) that upon John N. Davis complying with the terms of this decree on his part, the effect of this decree shall be to transfer to the said John N. Davis, the legal title of the said property, to be held in the same plight, condition and estate, as though the conveyance decreed was in fact executed, and shall bind and entitle the parties, in the same manner and

to the same extent as the conveyance would, if the same were executed according to the decree," with an order for its enrolment.

There is no direction for a sale upon the plaintiff's failure to redeem, and in this respect the decree is incomplete and open to amendment if it becomes necessary.

The present proceeding was commenced by notice of an intended motion for an order of sale of the land, served on the plaintiff September the 27th, 1876, followed by another notice, served September 22d, 1877, of a motion to be made to strike from the docket the following entries in the cause :

"Recd. of G. W. Flow, clerk, three hundred and eleven dollars and nineteen cents, in full of this judgment, this 14th of May, 1872.

(Signed)        ROBT. H. PARDUE."

"May 11th, 1872, satisfied and paid to office $350."

Numerous affidavits were offered in support of the motion for reforming the decree to which the plaintiff opposed his own answer on oath, in which he states in general terms that the conditions of the decree were fulfilled by his paying the money within the prescribed time, and that on May 11th, 1872, he paid to the clerk in currency $350, and took and was ready to produce his receipt therefor.

Upon this conflict of testimony the court directed the following inquiry to be submitted to the jury : "Has the decree of the superior court of $311.19 in this case made at spring term, 1872, been paid," to which the jury responded in the affirmative. On the trial of the issue the plaintiff testified that on the day stated he paid into the clerk's office the amount specified in the decree, with costs, except the sum of $138, for which he gave his individual note to the clerk, and had afterwards paid that; that the money first paid in was borrowed from R. H. Pardue, administrator of the intestate, Mosely, and the witness produced the administrator's acknowledgment of full payment, and the judg-

ment docket containing the memoranda set out in the notice of the motion to erase them from the record.

R. H. Pardue testified that, at the plaintiff's instance and for his convenience he accepted the plaintiff's note for the sum due by the decree ($311.19) executed on May 11th, 1872, to the witness individually, on which nothing has been paid, and he now offers to surrender it; that he never loaned the plaintiff money, nor was any paid into the office when he signed the receipt on the docket, and this was done solely at his suggestion.

The evidence of the clerk was to the effect that the plaintiff and the administrator came to his office together, and the entries were put on the docket by the direction of the former; that no money was paid except for the costs, and that he never had any note of the plaintiff, as stated by him to have been given.

Upon this evidence, the court charged the jury that R. H. Pardue, the administrator, was entitled to the money, and payment to him would discharge the plaintiff from liability therefor; that if the plaintiff paid the amount, or gave his note therefor to the administrator, and it was accepted by him, in the absence of a fraudulent intent, and satisfaction of the decree was entered with their concurrence and receipted by the clerk, it would be a discharge of the decree. The exception to this instruction is alone before us, on the defendant's appeal.

*Messrs. Battle & Mordecai,* for plaintiff.
*Messrs. Wilson & Son,* for defendants.

SMITH, C. J., after stating the case. We do not approve of this ruling of the court. It is plain, that the execution and acceptance of the note, instead of payment, is not a compliance with the terms of the decree, by which the fund is declared to be for the use and equal benefit of the defend-

ants, and the personal representative had no control over it. The decree, until modified, is binding upon all the parties to the action, and its obligations cannot be evaded by the contrivance resorted to in this instance. The money when paid into the office, could only be paid out to the defendants, and a note given the administrator is not a substitute to satisfy the requirements of the decree. The court therefore erred in telling the jury that the giving and receiving the note, in place of paying the money, with the common intent evidenced by the entries, that it should be in discharge of the decree, can have such effect upon the rights of the defendants.

1. The execution of a note, never paid, is not a payment, unless so intended between the parties, and then, not as to other parties.

2. The administrator, being a stranger to the action, and not entitled under the decree, had no authority to exonerate the plaintiff.

3. The payment of the debt being a condition precedent and inseparable from the operation of the decree in passing the title, the estate in the land remains under the control of the court, as a still subsisting security therefor.

These propositions are supported by the following authorities. *Barnes* v. *Morris,* 4 Ired. Eq., 22; *Hyman* v. *Devereux,* 63 N. C., 624; *Small* v. *Small,* 74 N. C., 16; *Walker* v. *Moody,* 65 N. C., 599; *Singeltary* v. *Whitaker,* Phil. Eq., 77; *Kidder* v. *McIlhenny,* 81 N. C., 123, and other cases.

The entry made, under the circumstances detailed, if allowed the effect contended for, would be a successful fraud upon the rights of others, and secure the land to one who had never paid for it, and that under a decree that it should be paid for, before the title passed. The entry was unauthorized and inoperative.

In *Isler* v. *Murphy,* 71 N. C., 436, a receipt written opposite the case stated upon the docket, in these words: " Received

of J. T. Murphy the amount of this judgment and interest, and my fee and the plaintiff's costs," and signed by S. W. Isler, attorney for plaintiff, was held to be no part of the record, inasmuch as it was not entered as part of the proceedings, or by the direction of the court. In our opinion, how and by whom the entry or memorandum was put upon the docket, was a proper subject of enquiry, in determining its legal import and conclusive effect upon the defendants. While it is true the fund properly belongs to the administrator, and doubtless would upon his application be ordered to be paid over to him, instead of the defendants, so that the plaintiff could not be compelled to pay the money a second time, until the decree is modified it belongs only to those entitled under the provisions of the decree.

For the error assigned there must be a new trial, and it is so adjudged.

Error. _Venire de novo._