(47 Misc. Rep. 333.)

### PEOPLE ex rel. SHRADY v. SHRADY.

(Court of General Sessions, New York County.   May, 1905.)

1. DIVORCE—FOREIGN DECREE—IMPEACHMENT—ESTOPPEL.
   Where a husband leaves his wife in one state, and procures an absolute divorce in another state, he cannot impeach the decree on the ground that the foreign court had no jurisdiction of the parties.
   [Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, §§ 827, 831, 832.]

2. SAME.
   Where a husband leaves his wife in the state, and goes to another state, where he obtains an absolute divorce and marries another woman, he cannot impeach the validity of the divorce in a proceeding against him for nonsupport of the second wife.

3. HUSBAND AND WIFE—ABANDONMENT—EVIDENCE.
   Evidence that a husband turned his wife out of the house, and wholly neglected to support her, justifies a finding of abandonment without adequate means of support, and an allowance of $10 a week, under an order adjudging him a disorderly person.

Appeal from Order of City Magistrate.

Action by the people, on relation of Lillian E. Shrady, against George Shrady. From an order of the city magistrate, defendant appeals. Affirmed.

Bela D. Eisler, for appellant.

John J. Delany, Corp. Counsel, and Herman Stiefel, Asst. Corp. Counsel, for respondent..

COWING, J. This is an appeal from an order of City Magistrate Mayo, adjudging defendant a disorderly person for failing to support his wife. The evidence contained in the return made to this court establishes that the appellant, on November 5, 1884, was married to one Georgiana ———. That thereafter the defendant went to the state of South Dakota, and instituted divorce proceedings against his wife, said Georgiana, and on August 4, 1900, obtained a decree of absolute divorce from her. On August 7, 1900, the defendant returned to Albany, in this state, and married Lillian, the complainant in this

proceeding. From the return it appears from the testimony of the complainant that on or about January 1, 1902, the defendant beat his wife and turned her out of his home, and that the only available means she has to support herself is $15 a month, being less than $4 a week, and that the defendant has wholly neglected to support and maintain his said wife according to his means. On the foregoing facts Magistrate Mayo adjudged the defendant guilty of being a disorderly person, and ordered him to file a bond in the sum of $520 to pay his said wife, Lillian, the sum of $10 a week for her support for the period of one year.

The appellant seeks to have the order of Magistrate Mayo vacated and set aside upon two grounds: First. He contends that the divorce which he himself obtained in South Dakota is null and void for the reason that the Dakota court had no jurisdiction of the parties, and that at the time of his marriage to the respondent, he having a wife living, his marriage to her was null and void. Second. That the evidence is not sufficient to justify the conclusion of the magistrate that the appellant has abandoned the respondent without adequate means of support. After a careful examination of the evidence, in the return as well as the law applicable thereto, I have come to the conclusion that the appellant is wrong in both of his contentions.

So far as the appellant's first point is concerned, the Court of Appeals in the case of Starbuck v. Starbuck, 173 N. Y. 503, 66 N. E. 193, 93 Am. St. Rep. 631, has settled the law against him. In this case Justice Haight, in delivering the unanimous opinion of the court, declares the principle to be well established that, where a party has invoked the aid of a court, and procured a judgment or decree to be entered, submitting himself voluntarily to its jurisdiction, he cannot thereafter be heard to question the jurisdiction of the court which entered the judgment or decree in his favor. He may not be heard to impeach a decree or judgment which he himself has procured to be entered in his own behalf.

So far as the appellant's second point is concerned, I conclude that the evidence justified the learned magistrate in finding that the appellant has abandoned his wife without adequate means of support. While it does appear that she has a judgment against her husband for something over $23,000, it also appears that she is unable to collect anything from him on the judgment, and it also appears that there is a piece of real estate, which the appellant once deeded to the respondent, and subsequently deeded to his mother, and now occupies as his home, and which at present is no source of income to her. I have no doubt, if the appellant will pay the respondent the amount of the judgment which she holds against him, and turn over to her the real estate which she claims, and which he now occupies, she will very gladly consent that the order made by the magistrate be vacated and set aside; but, as it is, in my judgment the allowance of $10 a week, provided by the order, is just and reasonable and should be paid.

The order of Magistrate Mayo is affirmed.

Order affirmed.