PEACOCK v. BARNES.

(Filed October 2, 1906).

*Deeds—Mistake—When Cause of Action Accrues—Evidence—Statute of Limitations—Subrogation.*

1. In an action to recover an overcharge by reason of a mistake in a commissioner's deed, the cause of action will not be deemed to have accrued with the delivery of the deed, from the mere fact that the deed contains an accurate description of the land by metes and bounds.

2. Under Rev., sec. 395, subsec. 9, the cause of action will be deemed to have accrued from the time when the fraud or mistake was known or should have been discovered in the exercise of ordinary care.

3. In an action to recover an overcharge paid under a mistake as to the number of acres of land sold by a commissioner, in determining the date the statute begins to run, the jury should consider the assurance of the commissioner as to the quantity of land, and how far the same should have been accepted and relied upon, the personal knowledge the purchaser may have had of the land, the opportunity to inform himself, the character of the boundary, the extent of the deficit, etc.

4. Where the plaintiff's claim rests upon the proposition that there was a deficit of land, and his right arises, not from the discharge of a specific lien, but because purchase-money paid by him under a mistake has been used to satisfy the indebtedness of the testator, it is not a case where a purchaser of land, having paid off an existing encumbrance, may, under certain circumstances, be subrogated to the rights of the person whose lien or encumbrance he has discharged.

ACTION by J. W. Peacock against Ida Barnes and others, heard by *Judge E. B. Jones* and a jury, at the February Term, 1906, of the Superior Court of WILSON.

There was evidence to show that Harriss Winstead, late of Wilson County, died seized and possessed of several tracts of land, same being encumbered by liens and mortgages to secure an indebtedness of about $4,500; under proceedings duly instituted, a portion of this land was sold by order of

Court for the sum of $6,000, and the proceeds, to the extent required, were applied to the payment and satisfaction of the liens and mortgages referred to; and a surplus, after paying costs and charges of administration, was turned over to two of the devisees under the will of the said Harriss Winstead. A portion of the land of the said Harriss Winstead was not sold, and the same is now owned and possessed by some of his devisees and heirs at law. At the sale referred to, lot No. 5 was sold by the acre and was represented by the commissioner to contain 416 acres, and same was bought by plaintiff, J. W. Peacock, for $11.10 per acre, and the purchase-price at that rate, to-wit, $4,616.60, was paid to commissioner by said purchaser, and a deed of conveyance executed and delivered to him in which the said land was accurately described by metes and bounds. Afterwards, and more than three years from the delivery of this deed, plaintiff discovered there was a shortage of more than 96 acres in said tract, and about six months after such discovery plaintiff instituted this action against the legal and personal representatives of Harriss Winstead, deceased, and the commissioner who sold the land, seeking to recover for amount of this shortage at the purchase-price per acre. The sale occurred in November, 1899, and was reported to the next term of the Court, presumably in December, 1899.

Plaintiff put in evidence: Deed from Peacock to Thomas Williams, bearing date 16 January, 1903, with testimony to the effect that he did not discover this shortage till at or near the time of this sale; also the summons in this present action, bearing date 17 January, 1903; also report of Dawes, commissioner, showing that he applied the purchase-money received from plaintiff for lot No. 5 to the discharge of the mortgage indebtedness on that land.

Defendant offered in evidence the deed from John D. Dawes, commissioner, to J. W. Peacock for this land, accu-

rately describing same by metes and bounds, and dated 8 January, 1900.  On the issue as to the statute of limitations, the Court charged the jury that if plaintiff, J. W. Peacock, did not discover the error in the acreage until 16 January, 1903, the date of the deed to Thomas Williams, they should answer the issue, "No."

Defendant excepted.  There was verdict for plaintiff for the amount claimed, and from a judgment on the verdict the defendant appealed.

*F. A. Woodard* and *Pou & Finch* for the plaintiff.
*Connor & Connor* for the defendant.

HOKE, J., after stating the case:  On a former appeal in this cause, 139 N. C., 196, we have held that the plaintiff had a good cause of action, and this appeal presents the question whether the cause of action is barred by the statute of limitations.  The statute applicable, Revisal 1905, sec. 395, subsec. 9, bars an action of this character, actions for recovery on account of fraud or mistake in three years, and provides that the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting said fraud or mistake.

The defendant contends that on the facts of this case the cause of action should be deemed to have accrued on the delivery of the deed; and for the reason that as the deed contained an accurate description of the land by metes and bounds, the exact quantity could have been readily ascertained by a simple calculation.  But we do not think this position can be sustained.  There may be facts and attending circumstances from which the jury might fix this as the date when the statute begins to run; but we do not think it follows from the mere fact that the deed, on its face, contains an accurate description of the land by metes and bounds.  In *Stubbs v. Motz,* 113 N. C., 458, the Court has held that the

limitation for actions of this class is three years from the date of the discovery, and not from the date of the mistake; and there are or may be many facts pertinent to this question of discovery, besides the description of the land appearing on the face of the deed. Nor do we hold with plaintiff, that the statute begins to run from the actual discovery of the mistake, absolutely and regardless of any negligence or laches by the party aggrieved. This view was substantially adopted in the charge of the Court below, and we think it puts an erroneous and too narrow a construction upon the statute. A man should not be allowed to close his eyes to facts readily observable by ordinary attention, and maintain for his own advantage the position of ignorance. Such a principle would enable a careless man, and by reason of his carelessness, to extend his right to recover for an indefinite length of time, and thus defeat the very purpose the statute was designed and framed to accomplish. In such case, a man's failure to note facts of this character should be imputed to him for knowledge, and in the absence of any active or continued effort to conceal a fraud or mistake or some essential facts embraced in the inquiry, we think the correct interpretation of the statute should be that the cause of action will be deemed to have accrued from the time when the fraud or mistake was known or should have been discovered in the exercise of ordinary diligence. The question does not seem to have been directly presented or passed upon in this Court, but in *Day v. Day,* 84 N. C., 412, decided intimation is given that the construction of the statute here adopted is the correct one, and like intimation is given in *Meader v. Norton,* 11 Wallace, 442. This, too, has been the principle adopted in jurisdictions where, before the enactment of such a statute, courts of equity, in cases of fraudulent concealment by defendant, interfered to prevent the operation of the statute of limitations except from the discovery. The time fixed being that when discovery was or should have been made by the

exercise of ordinary diligence. And since the enactment of the statute incorporating this equitable principle as a feature of positive law, decisions in other jurisdictions have put the same construction upon it. 19 A. and E. Enc. Law (2 Ed.), p. 257; *Township v. French,* 40 Iowa, 601; *Shain v. Sresovich,* 104 Cal., 402.

In this case *Harrison, Judge,* for the Court, said: "The rule is well established that the means of knowledge is equivalent to knowledge, and that a party who has the opportunity of knowing the facts constituting the fraud of which he complains cannot be supine or inactive and afterwards allege a want of knowledge that arose by reason of his own laches or negligence." Citing *Wood v. Carpenter,* 101 U. S., 135, and *Ware v. Galveston,* 146 U. S., 115.

In a well-considered note to Pomeroy's Equity Jurisprudence, 3 Ed., sec. 917, note 2, the doctrine is stated as follows: "This can only mean that the defrauded party's ignorance must not be negligent; that he remains ignorant without any fault of his own; that he has not discovered the fraud, and could not by any reasonable diligence discover it. If the statement means anything more than this, it is in direct conflict with the ablest authorities, and with the very principle upon which the rule itself is based. In *Rolfe v. Gregory,* 4 De Gex, J. & S., 576, *Lord Westbury* said: 'As the remedy is given on the ground of fraud, it is governed by this important principle, that the right of the party defrauded is not affected by the lapse of time, or, generally speaking, by anything done or omitted to be done so long as he remains, without any fault of his own, in ignorance of the fraud that has been committed.' In *Vane v. Vane,* L. R., 8 Ch., 383, *James, L. J.,* said that the statute will not begin to run 'until the fraud is first discovered, or might with reasonable diligence have been discovered.'"

It will be noted that many of these authorities concern questions of fraud, but the section of the statute here consid-

ered applies equally to actions for relief on the ground of fraud. or mistake; and in determining the time when the statute begins to run, the authorities, as a rule, pertinent to the one class of actions will be controlling as to the other. In the case before us there may be many facts to be considered in determining the proper date: The assurance of the commissioner as to the quantity of land, and how far the same should have been accepted and relied upon, the personal knowledge the purchaser may have had of the land, the opportunity to inform himself, the character of the boundary, the extent of the deficit, etc. And the cause should be submitted to the jury with a charge embodying the principle that plaintiff's cause of action is barred in three years from the time the mistake was discovered by plaintiff, or could have been discovered by the exercise of ordinary diligence.

The plaintiff calls our attention to the fact that the mortgage indebtedness, paid off by the proceeds of the land, was not barred at the time of the sale, nor at the institution of this action; and we are asked to hold that, as plaintiff is subrogated to the right of creditors, the claim, as a matter of law, is therefore not barred. This principle may be correct where the same applies, and might be efficient to enable plaintiff to enforce his claim against the land relieved by his money, provided he has a claim. In order, however, to insist upon the right of subrogation, the plaintiff must first establish a valid claim, and if this has been lost by his own laches since his right arose, the position insisted upon will not avail him. As a matter of fact, however, this is not a case where a purchaser of land, having paid off an existing encumbrance, may, under certain circumstances, be subrogated to the rights of the person whose lien or encumbrance he has discharged. Here, there was no lien, so far as this purchase-money now sued for is concerned. Plaintiff's claim rests on the proposition that there was a deficit of land, and

his right arises, not from the discharge of a specific lien, but because purchase-money paid by him under a mistake has been used to satisfy the indebtedness of the testator. He would seem, therefore, to have a demand of *indebitatus assumpsit* against the estate of the testator to be enforced unless the same is barred by the statute as indicated.

Again, a number of cases have been presented for our consideration where a plaintiff has been allowed to recover after a much longer period had elapsed before suit entered. But in these cases, the additional time had passed when the purchaser was in the possession and enjoyment of the property, and no right to assert his demand arose to him until such possession was interrupted by an adverse claim.

There is error which entitles defendant to a new trial, and it is so ordered.

New Trial.

CONNOR, J., did not sit on the hearing of the appeal.