JOSIE RUTH McINTYRE v. JOHN G. McINTYRE.

(Filed 9 June, 1937.)

**Divorce § 12: Estoppel § 3—In suit for alimony, husband may not attack marriage on ground that his divorce decree from first wife was invalid.**

In a suit against the husband by his second wife for divorce from bed and board and for alimony, the husband may not attack the validity of his marriage to plaintiff by asserting that the divorce which he had himself obtained in another state from his first wife was null and void for want of personal service on her, since he will not be heard to impeach the decree which he had obtained, or to question the jurisdiction of the court rendering the decree, after new rights and interest had arisen as a result of his second marriage.

APPEAL by defendant from *Ervin, Special Judge,* at March Extra Civil Term, 1937, of MECKLENBURG. No error.

Action for divorce *a mensa et thoro,* and for alimony. Defendant pleaded the invalidity of his marriage with the plaintiff, on the ground that at the time of the marriage ceremony between them he had a living wife as result of a previous marriage, and that a divorce obtained from his former wife by virtue of a decree in the State of Nevada was and is null and void for want of service on his former wife and lack of jurisdiction of the Nevada court, and that therefore he and the plaintiff were and are not legally married to each other.

Upon issues submitted, the jury rendered the following verdict:

"1. Was there a ceremony of marriage performed between the plaintiff and defendant on 23 January, 1926, in accordance with the formalities prescribed by law? Answer: 'Yes.'

"2. Did the defendant, at the time of said contract of marriage, then have a living wife by a preceding marriage, as alleged in the answer? Answer: 'No.'

"3. Did the defendant abandon the plaintiff, as alleged in the complaint? Answer: 'Yes.'"

It appeared from the evidence of the defendant that the defendant John G. McIntyre, then and now a resident of North Carolina, married Cora Wyatt in 1920, and that thereafter the defendant went to the State of Nevada, for the purpose of obtaining a divorce and returning to North Carolina, and, after remaining in Nevada nine months, secured a decree of absolute divorce from his wife, Cora, on 3 September, 1925; · that the Nevada divorce was based upon constructive service only, and no personal service was had upon nor general appearance entered by said Cora McIntyre; that defendant immediately returned to North

Carolina, and on 23 January, 1926, married the plaintiff, Josie Ruth McIntyre, having advised the plaintiff of the facts and believing the Nevada divorce in all respects legal.

There was evidence sufficient to sustain the verdict on the third issue that defendant abandoned the plaintiff.

Upon the second issue the court charged the jury in substance that the law of North Carolina prohibited the defendant from asserting the invalidity of a decree of divorce obtained by him in a foreign state, and that since the burden of proof on the second issue was on the defendant, there being no evidence to warrant an affirmative answer, the jury should answer that issue "No."

To this instruction defendant in apt time excepted and now assigns same as error.

From judgment on the verdict the defendant appealed.

*Taliaferro & Clarkson for plaintiff, appellee.*
*J. L. Delaney for defendant, appellant.*

DEVIN, J.   The single question presented by this appeal is this : May a resident of the State, who is the defendant in a suit for alimony, be permitted to set up as a defense thereto the invalidity of a divorce decree which he himself obtained in another state dissolving a previous marriage with a former wife?   The answer is "No."

While this precise question has never before been considered by this Court, it would not seem to be in accord with reason and justice that one who has voluntarily invoked the jurisdiction of another state for the purpose of obtaining a divorce from a former wife, and has thereby been enabled to enter into marital relations with another, should be heard to impeach the decree which he had obtained, or to question its jurisdiction, when new rights and interests have arisen as a result of his second marriage.

This is in accord with the decisions in other states where the question has been presented. *Bledsoe v. Seaman,* 77 Kan., 679; *Starbuck v. Starbuck,* 173 N. Y., 503; *People ex rel. Shrady v. Shrady,* 95 N. Y. Supp., 991; *Kaufman v. Kaufman,* 163 N. Y. Supp., 566; *Guggenheim v. Wahl,* 203 N. Y., 390; *Re Ellis,* 55 Minn., 401; *Laird v. Texas,* 79 Tex. Crim. Rep:, 129; *Asbury v. Powers* (Ky.), 65 S. W., 605; 23 L. R. A., 287; 3 A. L. R., 522, and note; 39 A. L. R., 695, and note; 9 R. C. L., sec. 268; 19 C. J., 378; North Carolina Law Review, Vol. XV, No. 2, p. 136.

While the validity of the Nevada divorce might be successfully assailed by other parties and under other circumstances (*Pridgen v. Pridgen,* 203 N. C., 533), we conclude that on the facts of this case there

was no error in the instructions to the jury given by the court below on the second issue.

Other exceptions noted at the trial were not brought forward by the appeal and need not be considered.

No error.