PATRICIA M. REDFERN v. CHARLES H. REDFERN

No. 8026DC94

(Filed 7 October 1980)

**Divorce and Alimony § 29; Estoppel § 3.1– alimony action – invalidity of marriage alleged – date of entry of judgment not controlling – estoppel to assert invalidity of marriage**

Defendant and his first wife were divorced as of 18 December 1978, the date of hearing on the matter, rather than as of 8 February 1979, the date the divorce judgment was actually signed, so that the marriage of plaintiff and defendant on 23 December 1978 was a lawful marriage; moreover, defendant in this alimony action should be equitably estopped from asserting the defense of invalidity of the marriage, since he himself instituted the prior divorce action; he was at least culpably negligent in not obtaining a signed divorce judgment on the date of the initial hearing; and he was negligent subsequent to learning of the alleged problem with his prior divorce in not advising plaintiff of the same and taking necessary steps to have the judgment amended so as to relate back to 18 December 1978.

APPEAL by defendant from *Lanning, Judge.* Judgment entered 17 September 1979 in District Court, MECKLENBURG County. Heard in the Court of Appeals 3 June 1980.

This is an action for alimony pendente lite, permanent alimony and attorney fees. Plaintiff alleges she and defendant were married to each other on 23 July 1978; that she is a dependent spouse; that the defendant is the supporting spouse; and that the defendant has offered such indignities to the person of the plaintiff so as to render her condition intolerable and her life burdensome. The defendant in his answer denied the marriage and the other allegations concerning entitlement to ali-

mony and alimony pendente lite. The presiding judge found as a fact that the plaintiff and defendant were married to each other on 23 December 1978, that the defendant had offered such indignities to the person of the plaintiff as to render her condition intolerable and life burdensome and made an award of temporary alimony and attorney fees. Defendant appealed.

*R. Kent Brown for plaintiff appellee.*

*Lindsey, Schrimsher, Erwin, Bernhardt & Hewitt, by Lawrence W. Hewitt, for defendant appellant.*

HILL, Judge.

Plaintiff appellee filed a motion with this Court on 2 June 1980 requesting the matter be remanded to the Mecklenburg County Superior Court for an examination of whether plaintiff voluntarily sought to dismiss this action in the superior court after appeal had been perfected in this Court. Appeal having been made to this Court, this Court has jurisdiction of the matter. No attempt by plaintiff appellee to dismiss the action can be effective. We proceed to deal with the appeal on its merits.

Defendant contends the court erred in its finding of fact that the plaintiff and defendant were legally married to each other and, therefore, erred in awarding alimony pendente lite based upon said void marriage.

Defendant testified that prior to his purported marriage to plaintiff he had appeared at a hearing in the Mecklenburg County District Court on 18 December 1978 for the purpose of obtaining a divorce from Katie R. Redfern. Defendant left the courtroom having been advised that he was in fact divorced. Thereafter, plaintiff and defendant went through a marriage ceremony on 23 December 1978.

The judgment roll for Mecklenburg County for 18 December 1978 reveals the divorce case was "For Judgment," indicating the trial was concluded on that date. The judgment docket contains a judgment entitled *"Charles H. Redfern v. Katie R. Redfern,* 78CVD9072," which is dated 8 February 1979, but which recites that the matter came on for hearing on 18 December 1978. The docket thereafter sets out the requisite finding of fact on which to base a divorce.

Defendant contends the date the divorce judgment was signed is controlling and that judgment was not entered *nunc pro tunc;* that his marriage to plaintiff is void; and that the award of alimony to plaintiff and attorney fees is error.

Defendant cites G.S. 51-3, which states:

All marriages ... between persons either of whom has a husband or wife living at the time of such marriage ... shall be void.

Defendant cites numerous cases holding that a marriage between parties, either of whom has a living spouse at the time of the purported marriage, is void *ab initio. Cunningham v. Brigman,* 263 N.C. 208, 139 S.E. 2d 353 (1964); *Pridgen v. Pridgen,* 204 N.C. 533, 166 S.E. 591 (1932). Such a marriage being a nullity, it may be attacked collaterally at any time, and no legal rights flow from it. *Ivery v. Ivery,* 258 N.C. 721, 129 S.E. 2d 457 (1963).

We find no North Carolina cases on point. However, the case of *McIntyre v. McIntyre,* 211 N.C. 698, 191 S.E. 507 (1937), is similar in many respects. Therein, plaintiff filed a suit against her husband for divorce from bed and board and alimony. The defendant pled that alimony could not be awarded as he was not properly divorced from his first wife, and, therefore, a valid marriage between the plaintiff and himself did not exist. In *McIntyre,* the defendant husband prior to his marriage to plaintiff had gone to Nevada to obtain a divorce from his first wife. The plaintiff wife was made aware of the facts surrounding the divorce and also the fact that defendant felt the Nevada divorce was legal in all respects.

Our Supreme Court held that:

The single question presented by this Appeal is this: May a resident of the State, who is the defendant in a suit for alimony, be permitted to set up as a defense thereto the invalidity of a divorce decree which he himself obtained in another state dissolving a previous marriage with a former wife? The answer is 'No'.

While this precise question has never before been considered by this Court, it would not seem to be in accord with reason and justice that one who has voluntarily invoked

the jurisdiction of another state for the purposes of obtaining a divorce from a former wife, and has thereby been enabled to enter into marital relations with another, should be heard to impeach the decree which he had obtained, or to question its jurisdiction, when new rights and interests have arisen as a result of his second marriage.

*McIntyre*, at p. 699.

The fact situation in *McIntyre* is similar to that of the case at hand. In the case at hand, although the defendant did not go out of state to obtain a divorce, he now relies on the invalidity of a court proceeding he himself instituted. Further, it is important to note that defendant became aware of the possible flaw in his divorce on 8 February 1979, yet continued to live with the plaintiff and did not advise her of this problem. In addition, as is noted in the order dated 17 September 1979, many of the indignities suffered by plaintiff came after the date defendant learned of the problem with his prior divorce.

Defendant appellant should be equitably estopped from asserting a defense of this nature in that he was at least culpably negligent in not obtaining a signed divorce judgment of the date of the initial hearing and was certainly negligent subsequent to learning of the alleged problem with his prior divorce in not advising plaintiff of the same and taking the necessary steps to have the judgment amended so as to relate back to 18 December 1978.

The conduct of the defendant does not appeal to the conscience of this Court. However, the record presents for our consideration and determination a question of law rather than one of ethics.

This Court has long held the requirement that a judgment be signed by the judge is only directory and that when a judgment is given in open court and filed with the papers as a part of the judgment roll, it is a valid judgment. *McDonald v. Howe*, 178 N.C. 257, 100 S.E. 427 (1919); *Brown v. Harding*, 170 N.C. 253, 86 S.E. 1010 (1915).

> Ordinarily when a court renders a judgment and there is some memorandum or minute in the records of the court

which discloses what the judgment was, it will be held sufficient and a formal judgment based thereon may be entered *nunc pro tunc* at a succeeding term.

*Lee v. Rhodes,* 227 N.C. 240, 241, 41 S.E. 2d 747 (1947), and cases cited therein.

The defendant has introduced the judgment granting his divorce from Katie R. Redfern dated 8 February 1979, which contains the requisites for an absolute divorce. It further recites the matter was heard by the honorable judge presiding over the 18 December 1978 Civil Non Jury Session of the District Court. Defendant does not attack the validity of the divorce or the action of the court on the date of trial — only the date of judgment. If a trial judge can enter a judgment *nunc pro tunc* at a later date, it is evident that such act is ministerial in nature. We conclude that the defendant and Katie R. Redfern were divorced as of 18 December 1978, and the marriage of plaintiff and defendant on 23 December 1978 was a lawful marriage.

The judgment of the trial court awarding temporary alimony and attorney fees is

Affirmed.

Judges MARTIN (Robert M.) and ARNOLD concur.