PATRICIA SMITH SHEPHERD v. HERBERT DAN SHEPHERD

No. 8112DC668

(Filed 15 June 1982)

**Limitation of Actions § 4.1— misrepresentation of marital status—action for fraud barred by statute of limitations**

Plaintiff's action, in which she alleged defendant had perpetrated a fraud upon her by knowingly inducing her to enter into a bigamous marriage, was barred by the three-year statute of limitations found in G.S. 1-52(9), and summary judgment was properly entered for defendant.

APPEAL by plaintiff from *Cherry, Judge.* Judgment entered 24 February 1981 in District Court, HOKE County. Heard in the Court of Appeals 3 March 1982.

Plaintiff filed an action on 8 January 1980, seeking an annulment of her marriage to defendant and alimony pendente lite. She also alleged that defendant had perpetrated a fraud upon her by knowingly inducing her to enter into a bigamous marriage, for which she sought actual and punitive damages.

The evidence adduced at trial tended to show that plaintiff and defendant began dating in 1969 when each was separated from a previous spouse. Plaintiff received a divorce in 1969, then

went with defendant to Lumberton, where defendant consulted with an attorney about obtaining a divorce. Sometime thereafter, defendant told plaintiff that he had obtained the divorce, and they were married on 20 February 1971.

About a month after the marriage, defendant's prior spouse, Linda Britt Shepherd, came to the couple's residence in Saint Pauls. Defendant refused to talk with her. She told plaintiff that she wanted to remarry, but could find no record in Robeson County of her divorce from defendant. Linda Britt Shepherd subsequently filed an action for divorce and plaintiff read the civil summons pertaining to that suit. She also discussed the matter with defendant's brother. The mother of defendant's prior spouse told plaintiff that she and defendant were not legally married, but none of these incidents prompted plaintiff to investigate the legality of the divorce. Defendant told plaintiff in May of 1978 that he and plaintiff were not legally married, and plaintiff left defendant on 15 July 1979.

Plaintiff sought recovery of $50,000 for "her contribution to the defendant of companionship, love, affection and earnings from the 20th day of February, 1971 until the 14th day of July 1979," and punitive damages for "the wanton, willful and malicious actions of the defendant in engaging in the bigamous marriage to the plaintiff."

A consent judgment was entered awarding plaintiff an annulment. The court dismissed, at the conclusion of plaintiff's evidence and upon motion of defendant, plaintiff's cause of action in tort in accordance with Rule 50 of the Rules of Civil Procedure. Plaintiff appeals from entry of the order dismissing the cause of action for money damages.

*Moses, Diehl and Pate, by Philip A. Diehl, for plaintiff appellant.*

*Locklear, Brooks and Jacobs, by Dexter Brooks, for defendant appellee.*

MORRIS, Chief Judge.

Plaintiff argues, by her sole assignment of error, that the trial court erred in granting defendant's motion for a directed verdict at the close of plaintiff's evidence. Defendant responds

that plaintiff's cause of action in tort is barred by the statute of limitations for relief on the ground of fraud, and by the doctrine of unclean hands; that the parties voluntarily settled their differences via a binding accord and satisfaction or compromise; and that plaintiff failed to demonstrate that she suffered actual damages as a consequence of any wrongful conduct of defendant. We hold plaintiff's cause of action was barred by G.S. 1-52(9), the three-year statute of limitations for actions based on fraud. Therefore, the court's action in granting defendant's motion for summary judgment did not constitute reversible error.

An action for fraud accrues when the aggrieved party discovers the facts constituting the fraud, or when, in the exercise of due diligence, such facts should have been discovered. *Wilson v. Development Co.*, 276 N.C. 198, 171 S.E. 2d 873 (1970). The uncontroverted evidence shows that as early as 1971, plaintiff had had warning that defendant remained party to a previous marriage, when Linda Britt Shepherd visited defendant's residence and later sued, with plaintiff's knowledge, for divorce from defendant. Plaintiff also discussed defendant's marital status with defendant's mother and brother. "A party having notice must exercise ordinary care to ascertain the facts, and if he fail to investigate when put upon inquiry, he is chargeable with all the knowledge he would have acquired, had he made the necessary effort to learn the truth of the matters affecting his interests. *Hargett v. Lee*, 206 N.C. 536, 539, 174 S.E. 498, 500 (1934). Failure to discover the facts constituting fraud may be excused, however, where a confidential relationship exists between the parties. *Small v. Dorsett*, 233 N.C. 754, 28 S.E. 2d 514 (1944). The relationship between husband and wife is the most confidential of all relationships. *Eubanks v. Eubanks*, 273 N.C. 189, 159 S.E. 2d 562 (1968). A confidential relationship also exists between a couple contemplating marriage, and a woman is generally entitled to rely on her fiance's representation that he is eligible to marry. *Humphreys v. Baird*, 197 Va. 667, 90 S.E. 2d 796 (1956). Yet failure of the defrauded party to use diligence in discovering the fraud is not wholly excused merely because a relation of trust and confidence exists between the parties. The law only goes so far as to say "that when it appears that by reason of the confidence reposed the confiding party is actually deterred from sooner suspecting or discovering the fraud, he 'is under no duty to make in-

quiry *until something occurs to excite his suspicions.*'" (Emphasis added.) *Vail v. Vail,* 233 N.C. 109, 116-117, 63 S.E. 2d 202, 208 (1951). "A man should not be allowed to close his eyes to facts readily observable by ordinary attention, and maintain for his own advantage the position of ignorance." *Peacock v. Barnes,* 142 N.C. 215, 218, 55 S.E. 99, 100 (1906). " 'This can only mean that the defrauded party's ignorance must not be negligent; that he remains ignorant without any fault of his own; that he has not discovered the fraud, and could not by any reasonable diligence discover it. . . .' " *Id.* at 219, 55 S.E. at 100. A defendant, upon less notice than was present here, was negligent in not inquiring whether his divorce from a prior spouse was defective. *Redfern v. Redfern,* 49 N.C. App. 94, 270 S.E. 2d 606 (1980). We hold, therefore, that plaintiff had been put on sufficient notice reasonably to require inquiry which would have discovered the facts and that she failed to exercise due diligence, after receiving several clear warnings, to determine whether he was still married to Linda Britt Shepherd. The action was barred at the time of its institution in 1980, and a directed verdict was properly entered at the close of plaintiff's evidence. See *Blankenship v. English,* 222 N.C. 91, 21 S.E. 2d 891 (1942); *Hargett v. Lee,* supra.

Plaintiff's claim was couched firmly in tort. Paragraph 12 of the third cause of action set forth in the complaint alleged

> That the defendant knowingly and willfully induced the plaintiff into a marriage ceremony . . . when in fact the defendant full well knew and held secret from the plaintiff that he was then and there lawfully married to Linda Britt Shepherd and that neither he nor the said Linda Britt Shepherd had obtained a lawful divorce from the other. That the defendant held such knowledge secret from the plaintiff to wrongfully and maliciously obtain from the plaintiff her companionship and her love and affection.

The Supreme Court of North Carolina has recognized an action in *quantum meruit* in favor of one who is fraudulently induced to go through a marriage ceremony with someone having a living lawful spouse, where the still-married party thereafter is unjustly enriched by the innocent party's performance of valuable services. *Sanders v. Ragan,* 172 N.C. 612, 90 S.E. 777 (1916). An action on an implied contract may be brought upon such facts as are

before us, *id.*, but plaintiff chose to ground her action in tort. Plaintiff's tort claim, as we held above, is barred by the three-year statute of limitations. We need not further determine whether the complaint states a cause of action in contract, as G.S. 1-52(1) limiting actions "[u]pon a contract . . . express or implied . . ." is also a three-year statute. Since plaintiff should have had knowledge of the relevant facts as early as 1971, it cannot be said, nor was it alleged, that services rendered after that time were either given in expectation of pay, that a contract existed by tacit understanding, or that reason and justice impose an obligation on defendant. See *Sanders v. Ragan*, supra.

Plaintiff's brief raises an issue of breach of promise to marry. She did not, however, plead a cause of action for breach of promise to marry. On the contrary, her complaint alleges that "the plaintiff . . . asked defendant to enter into a valid marriage ceremony with her, however, the defendant continuously refused. . . ."

The order of directed verdict was appropriately entered. The court's judgment is, therefore,

Affirmed.

Judges HEDRICK and VAUGHN concur.