LORNA BRYANT LANE, Plaintiff v. HAROLD LEE LANE, Defendant

No. 9312DC731

(Filed 5 July 1994)

1. **Quasi Contracts and Restitution § 18 (NCI4th)— bigamous marriage—no unjust enrichment claim—no clean hands**

An action based on unjust enrichment may be appropriate in the situation of a bigamous or void marriage; however, in this case the evidence clearly showed that plaintiff knew for a period of over ten years, from the time she received her husband's divorce complaint, that her marriage to defendant was bigamous and she hid that fact from defendant, and plaintiff was therefore estopped from asserting a claim based on unjust enrichment.

**Am Jur 2d, Estoppel and Waiver §§ 26-113; Marriage §§ 62-78; Restitution and Implied Contracts § 3.**

LANE v. LANE

[115 N.C. App. 446 (1994)]

2. **Marriage § 5 (NCI4th)— bigamous marriage—res judicata inapplicable**

    *Res judicata* did not preclude defendant's assertion of the invalidity of the parties' marriage in his motion to terminate alimony and dismiss equitable distribution proceedings, since under North Carolina law a bigamous marriage is void and a nullity and may be collaterally attacked at any time.

    **Am Jur 2d, Marriage §§ 62-78.**

3. **Estoppel § 13 (NCI4th)— invalidity of marriage—defendant not estopped to assert**

    Equitable estoppel did not preclude defendant's assertion of the invalidity of the parties' marriage in his motion to terminate alimony and dismiss equitable distribution proceedings, since plaintiff and not defendant should be estopped, as it was she who was not forthcoming and she who was culpably negligent for failing to obtain a copy of a divorce judgment prior to entering into a second marriage.

    **Am Jur 2d, Estoppel and Waiver § 26-113.**

    **Comment Note— Quantum or degree of evidence necessary to prove an equitable estoppel. 4 ALR3d 361.**

Appeal by defendant from judgment signed 24 February 1993 by Judge Sol G. Cherry in Cumberland County District Court. Appeal by plaintiff from order signed 30 September 1992 by Judge Patricia Timmons-Goodson in Cumberland County District Court. Heard in the Court of Appeals 14 April 1994.

*Reid, Lewis, Deese & Nance, by Renny W. Deese, for plaintiff.*

*Boose & McSwain, by Michael C. Boose, for defendant.*

LEWIS, Judge.

In 1953 plaintiff married Alexander Langston, Jr. Plaintiff and Langston separated in April 1962, and in June 1962 plaintiff married defendant. In January 1990 plaintiff filed a civil action against defendant seeking a divorce from bed and board, temporary alimony and equitable distribution. Defendant answered the complaint and counterclaimed for divorce from bed and board and equitable distribution. In April 1990 the parties entered into a consent order requiring defendant to pay plaintiff $1,000 per month in temporary alimony. In

December 1990 defendant filed an action for an absolute divorce, which the court granted in March 1991.

However, defendant later learned that although plaintiff and Langston had separated in April 1962, no complaint for divorce was filed until 1979, when Langston instituted divorce proceedings. Plaintiff and Langston were not divorced until February 1980. Thus, plaintiff and Langston were still married in June 1962, when plaintiff purportedly married defendant. When that situation came to light, defendant, on 20 July 1992, filed a motion in the cause seeking termination of temporary alimony, reimbursement for temporary alimony payments, and dismissal of the equitable distribution action.

After a hearing, the trial court determined that plaintiff was still married to Langston in 1962 when plaintiff and defendant went through a marriage ceremony. The court concluded that plaintiff's marriage to defendant was bigamous and void ab initio, and ruled that defendant did not owe alimony to plaintiff. The court then allowed plaintiff sixty days to file any further pleadings. Plaintiff filed an alternative claim for relief seeking restitution from defendant for her contributions to his military pension. Plaintiff claimed that defendant had "implicitly promised" her that he would share with her his military retirement benefits. Defendant denied making such a promise. Plaintiff contended that permitting defendant to retain all of his benefits would unjustly enrich him, and that she was entitled to restitution for her contribution to property held by him, including his retirement pay.

Defendant filed a motion for summary judgment and a motion seeking a dismissal based on failure to state a claim, res judicata and collateral estoppel. The motion for summary judgment was denied at the 8 February 1993 trial. At trial, the jury determined that a portion of the pension was held in trust by defendant for the benefit of plaintiff and awarded plaintiff payments of $300 per month from the military pension. Both parties now appeal on various grounds.

Defendant argues on appeal that the court erred in denying his motions for summary judgment, directed verdict, and judgment notwithstanding the verdict (hereinafter "JNOV") on the basis that plaintiff should have been estopped from asserting the unjust enrichment claim, and that plaintiff had failed to prove the value of the services rendered. Defendant also contends the court erred in its instructions to the jury on the elements of unjust enrichment. Finally, defendant contends the court erred in instructing the jury that it

could impose a constructive trust upon defendant's military retirement pay. For the purposes of this opinion, the only argument of defendant's which we need to address is the propriety of the court's disposition of his directed verdict motion.

Plaintiff, on the other hand, claims she is entitled to an equitable lien on defendant's retirement benefits, and that the trial court properly instructed the jury on the theory of constructive trust. According to plaintiff, the "wrongdoing" supporting her unjust enrichment claim was defendant's attempt to retain all of the money without paying anything to plaintiff.

Plaintiff also appeals, arguing that the court erred in denying her res judicata and equitable estoppel defenses to defendant's motion to terminate alimony and dismiss the equitable distribution proceeding. These defenses are applicable, according to plaintiff, because the court had previously entered orders, such as the judgment of divorce, in which it recognized the legality of the marriage. Plaintiff asserts that collateral attacks on a judgment of divorce are not permissible. She also contends that defendant should be equitably estopped from asserting the invalidity of the marriage in an attempt to avoid paying alimony.

[1] At the outset, we note that an action based on unjust enrichment may be appropriate in the situation of a bigamous or void marriage. *See generally* Suzanne Reynolds, *Lee's North Carolina Family Law* § 3.13 (5th ed. 1993). In 1916, the North Carolina Supreme Court indicated that the innocent spouse of a bigamous, void marriage could assert a quantum meruit claim for the money she had lent to her husband and for the value of her services, including waiting on him in his last sickness. *Sanders v. Ragan*, 172 N.C. 612, 90 S.E. 777 (1916). The Court noted that "the plaintiff, being without default, has rendered services of value in ignorance of the essential relevant facts and was induced thereto by the fraud and wrong of [the defendant]." *Id.* at 614, 90 S.E. at 778. The Court affirmed a jury award to the plaintiff.

In the more recent case of *Shepherd v. Shepherd*, 57 N.C. App. 680, 292 S.E.2d 169 (1982), this Court acknowledged:

> The Supreme Court of North Carolina has recognized an action in quantum meruit in favor of one who is fraudulently induced to go through a marriage ceremony with someone having a living lawful spouse, where the still-married party thereafter is unjustly enriched by the innocent party's performance of valuable services.

*Id.* at 683, 292 S.E.2d at 171 (citing *Sanders*). The services mentioned in *Shepherd* are the wife's contributions of companionship, love, affection and earnings. *Id.* at 681, 292 S.E.2d at 170.

Although the parties to the present case dispute the elements of an unjust enrichment claim, we find it unnecessary to determine that issue here, because we find that plaintiff is barred from proceeding in equity by the clean hands doctrine. Defendant presented credible evidence that plaintiff knew from the beginning that she was not divorced. A friend of plaintiff's testified that plaintiff knew her divorce was not final when she married defendant. Defendant also points out that plaintiff at least knew as of 1979, when Langston served her with the divorce papers. Plaintiff denies that she knew from the beginning.

Viewing the evidence in the light most favorable to plaintiff, as we must when reviewing a directed verdict motion, *Abels v. Renfro Corp.*, 335 N.C. 209, 215, 436 S.E.2d 822, 825 (1993), it is clear that she knew for a period of over ten years, from the time she received Langston's divorce complaint in 1979, that their marriage was bigamous and that she hid that fact from defendant. Knowing the marriage to be bigamous, she continued to live as defendant's wife, accepted his support, participated in the divorce proceedings, accepted temporary alimony, and apparently would have participated in the equitable distribution proceedings had defendant not discovered the bigamy. Defendant had no knowledge of the bigamy, and supported plaintiff and her children for a period of 27 years. He is an innocent party by any standard.

The fact that plaintiff is the culpable party in this case distinguishes it from other bigamy cases in which claims have been successfully asserted based upon belief in a valid marriage. *See McIntyre v. McIntyre*, 211 N.C. 698, 191 S.E. 507 (1937) (husband estopped from asserting invalidity of marriage where he was responsible for obtaining an invalid divorce decree from his first wife); *Redfern v. Redfern*, 49 N.C. App. 94, 270 S.E.2d 606 (1980) (husband estopped from asserting invalidity of marriage where he was culpably negligent for not obtaining a signed divorce judgment from his first wife); *Mayer v. Mayer*, 66 N.C. App. 522, 311 S.E.2d 659 (husband estopped from asserting invalidity of wife's divorce from her first husband, because he encouraged and facilitated her procurement of the divorce), *disc. review denied*, 311 N.C. 760, 321 S.E.2d 140 (1984).

LANE v. LANE

[115 N.C. App. 446 (1994)]

In the case at hand, we find no indication of any culpability, negligence, or bad faith on the part of defendant. The evidence clearly shows that plaintiff knowingly deceived defendant for over ten years, and we find, therefore, that plaintiff is estopped from asserting a claim based on unjust enrichment.

Even if we determined that plaintiff could properly assert an unjust enrichment claim, we would find that she had failed to prove the value of her services to defendant. Plaintiff offered no evidence of the value of housekeeping services, for example, or of any other services rendered throughout their years of cohabitation. The testimony of another woman that she considered her homemaker contribution to her husband's military retirement to be equivalent to forty percent of such pay is insufficient evidence of and irrelevant to the value of plaintiff's contribution to defendant's military retirement.

[2] We now turn to the arguments plaintiff raises on appeal. Plaintiff contends that res judicata and equitable estoppel precluded defendant's assertion of the invalidity of their marriage in his motion to terminate alimony and dismiss equitable distribution proceedings. Plaintiff argues that the court's prior orders, which acknowledge the existence of a valid marriage, bar any subsequent action concerning the same matter.

We note that under North Carolina law, a bigamous marriage is void and a nullity, and may be collaterally attacked at any time. *Taylor v. Taylor*, 321 N.C. 244, 249, 362 S.E.2d 542, 545 (1987). As defendant points out, plaintiff's reliance on a 1957 New York case is misplaced. In *Statter v. Statter*, 143 N.E.2d 10 (N.Y. 1957), the Court of Appeals of New York applied the principle of res judicata to dismiss the wife's claim for an annulment on the basis of bigamy, because the marriage had already been declared valid in an earlier action. The court indicated, however, that a different result may have been reached if the wife had chosen a method other than filing a separate action, for example filing a motion in the cause. In the case at hand, defendant filed a motion in the cause. Thus, even if *Statter* stated the law in North Carolina, defendant's action would not be subject to the defense of res judicata.

[3] Plaintiff also contends that defendant's action is barred by the principal of equitable estoppel. Plaintiff argues that permitting defendant to "escape his obligation" is inconsistent with the fact that for twenty-seven years he "acted, assumed, and conducted himself as though he were lawfully married to [plaintiff]." Plaintiff contends that

STREETER v. GREENE COUNTY BD. OF EDUCATION

[115 N.C. App. 452 (1994)]

defendant was culpably negligent in not ascertaining her marital status prior to their marriage.

Plaintiff's equitable estoppel argument is without merit. The cases cited in her brief, including *Mayer*, *McIntyre* and *Redfern*, all stand for the proposition that she, and not he, should be estopped. Plaintiff refuses to recognize that it is she who was not forthcoming, and it is she who was culpably negligent for failing to obtain a copy of a divorce judgment prior to entering into a second marriage. *See Redfern*, 49 N.C. App. at 97, 270 S.E.2d at 608-09.

From the evidence presented, it is clear that plaintiff's claim is barred on the basis of the doctrine of unclean hands and equitable estoppel. We conclude that the court erred in denying defendant's motion for a directed verdict. We find it unnecessary to address defendant's other assignments of error, including whether or not the court erred in denying defendant's summary judgment and JNOV motions. For the reasons stated, this case is reversed and remanded for entry of a directed verdict in favor of defendant.

Reversed and remanded.

Judges EAGLES and WYNN concur.