DAVID MARK HURSTON, Plaintiff v. BEVERLY LYNN HURSTON, Defendant

No. COA06-407

(Filed 17 October 2006)

**1. Appeal and Error— cross-appeal—no assignments of error—dismissed**

A cross-appeal was dismissed where no assignments of error were included in the record.

**2. Appeal and Error— conclusions—no exceptions—binding**

Conclusions that a marriage was void ab initio were binding where there was no exception to those conclusions.

**3. Estoppel— pleading—notice to opposing party—sufficiency**

Equitable estoppel was adequately pled as an affirmative defense by a wife seeking support where her first divorce was not recognized and this marriage was held void ab initio.

**4. Divorce— invalid first divorce—void second marriage—support—equitable estoppel—unclean hands**

Unclean hands barred the assertion of equitable estoppel by a wife seeking support from her second husband despite their marriage being ruled void ab initio. It was defendant who was culpably negligent in not obtaining a valid divorce from her first husband (although she accepted money from him and agreed to abide by the Dominican divorce decree).

Appeal by plaintiff and defendant from judgment entered 19 December 2005 by Judge Lisa V. L. Menefee in Forsyth County District Court. Heard in the Court of Appeals 21 September 2006.

*Davis & Harwell, P.A., by Mark H. Hoppe, for plaintiff appellant-appellee.*

*D. Blake Yokley for defendant appellant-appellee.*

HURSTON v. HURSTON

[179 N.C. App. 809 (2006)]

McCULLOUGH, Judge.

The district court determined that the marriage of plaintiff and defendant was void *ab initio*; however, the court further held that plaintiff should be estopped from asserting the invalidity of the marriage as a defense based on principles of equity. Plaintiff now contends that the trial court correctly declared the marriage between plaintiff and defendant void *ab initio* but erred in estopping plaintiff from raising the invalidity of the marriage as a defense to subsequent support claims arising from a divorce between plaintiff and defendant. We agree.

Defendant also gave notice of appeal to the order of the district court; however, she has failed to set forth any assignments of error in the record on appeal.

## FACTS

Beverly L. Hughes (hereinafter "defendant") and Dean Thomas Lindsey were married on 12 December 1986 in Maryland. Subsequently, the parties separated and Dean Lindsey attempted to procure a divorce from defendant in the Dominican Republic and a divorce decree was entered on 11 August 1995. However, neither defendant nor plaintiff in that case resided in the Dominican Republic at the time of the entry of decree, and neither were present in the Dominican Republic before, during or after the entry of the decree.

Thereafter, in September of 1995 Dean Lindsey and defendant entered into an agreement to acknowledge and abide by the divorce decree obtained in the Dominican Republic, split certain assets and agreed to be divorced. In February 2000, defendant became remarried to David Hurston (hereinafter "plaintiff") in the District of Columbia. Between 1986 and 2000, neither Dean Lindsey nor defendant ever filed an action for divorce in the United States. Prior to the marriage of defendant and plaintiff, defendant informed plaintiff about her former husband obtaining a divorce decree to end the marriage between defendant and Dean Lindsey in the Dominican Republic. The couple lived together in Maryland as husband and wife until October 2003 when they moved to Forsyth County, North Carolina.

Plaintiff and defendant continued to live together as husband and wife until 10 July 2004 when defendant informed plaintiff that he was seeking a divorce and defendant thereafter filed a complaint against plaintiff seeking post-separation support, alimony, equitable distribution and attorney's fees. Plaintiff then filed the complaint in this ac-

**HURSTON v. HURSTON**

[179 N.C. App. 809 (2006)]

tion against defendant seeking to have the marriage annulled and declared void *ab initio*.

The district court determined that the marriage was void *ab initio* where it was a bigamous marriage but estopped defendant from asserting the invalidity of the marriage as a defense in the instant proceeding as well as in the matter in which defendant was seeking post-separation support, alimony and attorney's fees from plaintiff.

Plaintiff and defendant now appeal.

ANALYSIS

I

**[1]** Defendant gave her notice of appeal to the order of the district court; however, she has failed to set forth any assignments of error in the record on appeal. The North Carolina Rules of Appellate Procedure clearly state, "the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10." N.C.R. App. P. 10(a) (2006). Additionally, N.C.R. App. P. 10(c)(1) states unequivocally that "[a] listing of the assignments of error upon which an appeal is predicated shall be stated at the conclusion of the record on appeal . . . ." N.C.R. App. P 10(c)(1).

Where defendant failed to comply with the Rules of Appellate Procedure, her cross-appeal is thereby dismissed.

II

**[2]** The question before this Court is whether the district court erred in concluding that plaintiff should be estopped from asserting the invalidity of the marriage as a defense in the instant case and the companion case in which defendant seeks equitable support arising incident to the marriage. We hold that the district court did err.

On appeal, plaintiff cites as error conclusion no. 9 of the district court which states:

Plaintiff should be equitably estopped from asserting the invalidity of the Dominican Republic Divorce Decree between Dean T. Lindsey and Defendant in this proceeding as well as in the matter of *Beverly Lynn Hurston v. David Mark Hurston,* File No. 04 CVD 4922 wherein Defendant is seeking post-separation support, alimony and attorney fees from the Plaintiff.

Plaintiff does not find error in the district court's conclusion that the marriage of plaintiff and defendant was void *ab initio*; however, plaintiff does contend that the trial court erred in making certain findings of fact and conclusions of law which conflict with other findings and conclusions set forth in the order. The gravamen of plaintiff's argument is that the trial court erred in its application of the principles of estoppel and incorrectly determined that plaintiff should be barred from asserting the nullity of his marriage to defendant as a defense.

In determining whether the marriage was void, the district court was required to look to the laws of the jurisdiction where the marriage was effectuated, namely, the District of Columbia. The District of Columbia Code outlines, in general, certain marriages which are void *ab initio*:

> The following marriages are prohibited in the District of Columbia and shall be absolutely void ab initio, without being so decreed, and their nullity may be shown in any collateral proceedings, namely:
>
> . . . .
>
> (3) The marriage of any persons either of whom has been previously married and whose previous marriage has not been terminated by death or a decree of divorce.

D.C. Code Ann. § 46-401 (2006). The district court made the following conclusions of law which have not been excepted to and are therefore binding on this Court:

> 4. At the time of Defendant's alleged marriage to Plaintiff on February 29, 2000 in the District of Columbia, Defendant's marriage to Dean T. Lindsey had not been terminated by death or a lawful and valid decree of divorce, and Defendant remained married to Dean T. Lindsey.
>
> 5. Defendant's alleged marriage to Plaintiff in Washington, D.C., on February 29, 2000, is void *ab initio* pursuant to the provisions of D.C. Code § 46-401, as well as the provisions of N.C. Gen. Stat. § 50-4.

Where the district court concluded that the marriage between plaintiff and defendant was void *ab initio*, we now turn to a determination of whether plaintiff should be estopped from asserting the invalidity of the marriage as a defense.

[3] First and foremost, plaintiff asserts that defendant did not plead estoppel as an affirmative defense. Defendant stated in her first responsive pleading to the court under "Fifth Defense":

1. Prior to the marriage between Plaintiff and Defendant, Defendant was fully cognizant towards the fact that Dean Thomas Lindsey, Defendant's former husband, had obtained a Dominican Republic divorce decree, divorcing Defendant and Dean Thomas Linsdey (sic).

2. Since the date of the marriage of Plaintiff and Defendant, they have cohabited together as husband and wife until whereabout July 10, 2004, when Plaintiff abandoned Defendant.

3. Plaintiff has ratified his marriage to the Defendant and is estopped to deny the validity of his marriage to Defendant on February 29, 2000.

N.C. Gen. Stat. § 1A-1, Rule 8(c) provides:

[A] party shall set forth affirmatively accord and satisfaction . . . and any other matter constituting an avoidance or affirmative defense. Such pleading shall contain a short and plain statement of any matter constituting an avoidance or affirmative defense sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved.

N.C. Gen. Stat. § 1A-1, Rule 8(c) (2005). Where all that is required by the statute is to put the parties on notice of the affirmative defense sought to be proved, it is apparent that the averments of defendant pled in her answer sufficiently placed plaintiff on notice that she intended to put forth evidence that he should be estopped from asserting the invalidity of the marriage.

Where the issue of estoppel was properly before the court, we now turn to a determination of whether the district court properly concluded that plaintiff was barred from asserting the invalidity of the marriage as a defense to subsequent actions.

[4] The theory of quasi-estoppel dictates that " '[a] person may be precluded from attacking the validity of a foreign decree if, under the circumstances, it would be inequitable for him to do so.' " *Mayer v. Mayer*, 66 N.C. App. 522, 532, 311 S.E.2d 659, 666 (citation omitted), *disc. review denied*, 311 N.C. 760, 321 S.E.2d 140 (1984). In determining whether quasi-estoppel is applicable to the case at hand, a

court must look to three factors, though it is not necessary that all be present: " '(1) the attack on the divorce is inconsistent with prior conduct of the attacking party; (2) the party upholding the divorce has relied upon it, or has formed expectations based on it; (3) these relations or expectations will be upset if the divorce is held invalid.' " *Id.* at 533, 311 S.E.2d at 667 (citation omitted).

Thus, North Carolina courts have applied this principle, holding that even though a bigamous marriage is void *ab initio*, "a party may be estopped from asserting the invalidity of the bigamous marriage." *Taylor v. Taylor*, 321 N.C. 244, 249, 362 S.E.2d 542, 546 (1987); *see McIntyre v. McIntyre*, 211 N.C. 698, 191 S.E. 507 (1937). Our courts have held the principles of equitable estoppel to apply in several cases where culpable negligence can be shown. *See McIntyre*, 211 N.C. 698, 191 S.E. 507 (husband estopped from asserting invalidity of marriage where he was responsible for obtaining an invalid divorce decree from his first wife); *Redfern v. Redfern*, 49 N.C. App. 94, 270 S.E.2d 606 (1980) (husband estopped from asserting invalidity of marriage where he was culpably negligent for not obtaining a signed divorce judgment from his first wife); *Mayer*, 66 N.C. App. 522, 311 S.E.2d 659 (husband estopped from asserting invalidity of wife's divorce from her first husband, because he encouraged and facilitated her procurement of the divorce).

However, the instant case is distinguishable from the previous cases decided by our courts. Defendant argues that allowing plaintiff to assert the invalidity of the marriage as a defense to providing his marital obligations would be inconsistent with the prior actions of plaintiff in holding the couple out as husband and wife to the community at large and conducting day-to-day transactions as a spousal unit for four years. Defendant further asserts that plaintiff himself was negligent in that he knew of the Dominican Republic divorce and neither questioned its validity nor attempted to determine whether the divorce was a valid one. Plaintiff on the other hand argues that the principles of equity have wrongly been imposed here where defendant herself was culpably negligent and should therefore be barred by the actions of her unclean hands.

Our courts have long recognized the maxim of equity which dictates that he who comes into equity must come with clean hands; otherwise his claim to equity will be barred by the doctrine of unclean hands. *See Lane v. Lane*, 115 N.C. App. 446, 445 S.E.2d 70 (1994). Like this Court in *Lane*, we find the principles of equitable estoppel to be inapplicable to the case at hand. In previous cases, the court has

applied the doctrine of equity to bar the party with unclean hands, the culpably negligent party, from asserting the invalidity as a defense. *Id.* at 451-52, 445 S.E.2d at 73.

In the instant case, it was defendant who did not obtain a valid divorce decree before attempting to enter into another marriage; and therefore, while plaintiff may be negligent, she too was culpably negligent and her claim for the application of the principles of equity is therefore barred by the doctrine of unclean hands. Defendant received money from her husband and agreed to abide by the Dominican Republic divorce decree. *Id.*; *see also Redfern*, 149 N.C. App. at 97, 270 S.E.2d at 608-09.

Therefore, we reverse the decision of the district court and hold that the doctrine of equitable estoppel is inapplicable in the present case. Based on the aforementioned decision, we find it unnecessary to address the remaining contentions on appeal.

Accordingly, while it is not in question today that the district court properly found the marriage between plaintiff and defendant to be void *ab initio*, the court did err in barring plaintiff from asserting the invalidity of his marriage to defendant on the grounds of equitable estoppel, and therefore the decision should be reversed in part. Further, defendant failed to comply with the Rules of Appellate Procedure and her cross-appeal is therefore dismissed.

Reversed in part and dismissed in part.

Judges WYNN and McGEE concur.