EMOMOTIMI GABICE, Plaintiff,
v.
ALUWA HARBOR, Defendant.
No. COA08-634.
Court of Appeals of North Carolina.
Filed April 21, 2009.
This case not for publication
Emomotimi Gabice, plaintiff-appellant, pro se.
No brief filed for defendant-appellee.
ROBERT C. HUNTER, Judge.
Emomotimi Gabice ("plaintiff") and Aluwa Harbor ("defendant") are the natural parents of two minor children, ages ten and eight years old. On 2 April 2008, plaintiff's and defendant's cross-motions to modify custody of their children were heard before Judge Christy T. Mann in Mecklenburg County District Court. At the close of the hearing, Judge Mann rendered her order in open court modifying the custody of the minor children. Plaintiff filed notice of appeal on 4 April 2008.
Plaintiff appeals from an order she purports was entered 2 April 2008 modifying custody of her two minor children. However, plaintiff has not included a copy of the order entered by the trial court in her record on appeal as required by N.C.R. App. P.9(a)(1)(h). This Court has held that "although appeal of a rendered order or judgment may be timely filed, jurisdiction will not vest with this Court if judgment in substantial compliance with the judgment rendered is not subsequently entered." Abels v. Renfro Corp., 126 N.C. App. 800, 804, 486 S.E.2d 735, 738, disc. review denied, 347 N.C. 263, 493 S.E.2d 450 (1997); see also Searles v. Searles, 100 N.C. App. 723, 725, 398 S.E.2d 55, 56 (1990) (holding "entry of judgment is jurisdictional [and] this Court is without authority to entertain an appeal where there has been no entry of judgment"). "Likewise, this Court will dismiss an appeal if the judgment or order does not appear in the record on appeal." Abels, 126 N.C. App. at 804, 486 S.E.2d at 738; see also Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008) ("A jurisdictional default. . . precludes the appellate court from acting in any manner other than to dismiss the appeal").
Moreover, even had plaintiff included a copy of the order at issue, plaintiff has waived review of the questions she presents in her brief to this Court by failing to assign any error below. Plaintiff's record on appeal lacks any assignments of error as required by N.C.R. App. 9(a)(1)(k) and 10(c)(1). Our Rules of Appellate Procedure provide that "the scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with [] Rule 10." N.C.R. App. P. 10(a). By failing to set out any assignments of error in the record on appeal, plaintiff has waived review of the questions she presents in her brief and this Court must dismiss her appeal. Id.; see also Dogwood, 362 N.C. at 195-96, 657 S.E.2d at 364 (holding "a party's failure to properly preserve an issue for appellate review ordinarily justifies the appellate court's refusal to consider the issue on appeal"); Hurston v. Hurston, 179 N.C. App. 809, 635 S.E.2d 451 (2006) (dismissing cross-appeal for failure to set forth any assignments of error in the record on appeal). Accordingly, we dismiss plaintiff's appeal.
Dismissed.
Judges McGEE and JACKSON concur.
Report per Rule 30(e).