Oakley v. Oakley

Reversed.

Chief Judge MORRIS and Judge CLARK concur.

KATY S. OAKLEY v. JESSE FLOYD OAKLEY

No. 8126DC208

(Filed 6 October 1981)

1. **Divorce and Alimony § 13.1— no abandonment—husband sleeps in separate bedroom**

    A husband who has neither left the marital home nor withheld support cannot be found to have abandoned his wife merely by electing to sleep in a separate bedroom.

2. **Divorce and Alimony § 14.3; Rules of Civil Procedure § 50— grant of directed verdict motion after jury verdict proper—evidence insufficient to support verdict of adultery**

    Where the evidence relating to the issue of adultery was merely that husband and another woman had been seen together and had exchanged one kiss, the trial court correctly entered a directed verdict for husband after the jury returned a verdict finding adultery as the evidence did not support the verdict. The court deferred its ruling on the husband's motion for directed verdict at the end of the evidence; therefore, it was not necessary for the husband to move for judgment n.o.v.

APPEAL by plaintiff from *Brown, Judge.* Judgment entered 19 September 1980 in District Court, MECKLENBURG County. Heard in the Court of Appeals 24 September 1981.

Plaintiff brought this action seeking sequestration of the parties' home for her exclusive use, alimony pendente lite, permanent alimony and attorney's fees. Plaintiff alleged that the defendant had rendered indignities to her, and that defendant had consorted with one Jean Phillips and had committed adultery with her while married to the plaintiff. Plaintiff further alleged that defendant had deserted the marital bed and that this constituted abandonment.

The trial court tendered the issues of indignities and adultery to the jury which found for the defendant on the issue of indignities and for plaintiff on the issue of adultery. The judge

granted a directed verdict for the defendant on the issue of adultery and dismissed the complaint.

Plaintiff appeals.

*James L. Roberts for plaintiff appellant.*

*Peter J. Underhill for defendant appellee.*

ARNOLD, Judge.

Plaintiff brings forth three assignments of error on appeal.

## I.

[1] Plaintiff's first two assignments of error concern the propriety of the trial court's refusal to submit the issue of abandonment to the jury. Plaintiff argues that there was uncontroverted evidence that defendant had moved into the guest bedroom of the couple's home in March 1978. Although no allegations of non-support or other evidence of abandonment were received, plaintiff contends that desertion of the marital bed is sufficient to support a finding of abandonment. We disagree.

It has long been established in North Carolina that a married couple living in the same house and holding themselves out as man and wife cannot be deemed to have separated. *Ledford v. Ledford,* 49 N.C. App. 226, 231, 271 S.E. 2d 393, 397 (1980). By analogy, we hold that a husband who has neither left the marital home, nor withheld support, cannot be found to have abandoned his wife merely by electing to sleep in a separate bedroom.

## II.

[2] Plaintiff's final argument is that the court erred by entering a directed verdict in favor of the defendant on the issue of adultery after a jury verdict for the plaintiff.

Plaintiff's first basis for this argument seems to rest on defendant's failure to move for a judgment notwithstanding the verdict (j.n.o.v.). We note that defendant moved for a directed verdict at the end of all of the evidence, and that the trial judge deferred his ruling on this motion. If the motion had been denied, the defendant would have had no right to reconsideration of his directed verdict motion following the jury verdict. However, having deferred his ruling on the directed verdict motion, the trial judge had authority under N.C.R.C.P. 50(b)(1) and (b)(2) to later

enter a directed verdict without the necessity of a j.n.o.v. motion. *Hensley v. Ramsey*, 283 N.C. 714, 199 S.E. 2d 1 (1973).

Finally, plaintiff argues that there was sufficient evidence to support the jury verdict on the issue of adultery, and that the directed verdict was therefore entered in error. The standard for entry of a directed verdict is that the evidence, when viewed in the light most favorable to the non-movant, is insufficient as a matter of law to support a verdict in favor of the non-movant. *Investment Properties of Asheville, Inc. v. Allen*, 281 N.C. 174, 188 S.E. 2d 441 (1972), *vacated on other grounds*, 283 N.C. 277, 196 S.E. 2d 262 (1973). Here, the evidence of defendant's alleged adultery was of the most speculative nature. While it was conceded that defendant and Mrs. Phillips were friends, that they were seen together on occasion, and that Mrs. Phillips once kissed defendant on the cheek, this evidence hardly establishes a case for adultery. The plaintiff's efforts to obtain more substantial evidence through a private detective produced little more than a report that one kiss had been exchanged by the two. We agree with the trial court that this evidence was insufficient as a matter of law to support the jury verdict.

Accordingly, the judgment below is

Affirmed.

Judges VAUGHN and WEBB concur.