MATILDA BLOUNT RANSOM, MARY BLOUNT NIXON, HENRY BLOUNT, MARTHA BLOUNT JAMES, VANSIE BLOUNT, JOSEPHINE BLOUNT MATTHEWS, NOAH BLOUNT, PRISCILLA BLOUNT BALLARD, AND LILLIE BLOUNT LIGHTFOOT v. OSCAR BLAIR, INDIVIDUALLY, EMBALMER, AND OSCAR BLAIR, T/A BLAIR FUNERAL SERVICE; BATESVILLE CASKET COMPANY, INC.; AND DUPONT DAVIS, T/A DAVIS VAULT COMPANY

No. 821SC539

(Filed 3 May 1983)

1. **Dead Bodies § 2— negligence in embalming, interring and choosing vault supplier—insufficiency of evidence**

     Plaintiffs' evidence was insufficient for the jury on the issue of negligence by defendant embalmer and funeral director in embalming or interring the body of plaintiffs' mother or in choosing a codefendant to supply and install the vault used for the burial.

2. **Dead Bodies § 2— alleged negligent reburial—punitive damages—insufficient evidence**

     Plaintiffs' evidence was insufficient to support their claim for punitive damages against defendant funeral director and defendant vault supplier for failure to conduct a satisfactory reburial of their mother's body where the evidence showed that defendants made a reasonable and well-intentioned effort properly to rebury the body, and plaintiffs failed to prove intentional wrongdoing or wanton and reckless disregard of their feelings.

3. **Dead Bodies § 2— leak-proof casket—breach of warranty—insufficient evidence**

     The evidence was insufficient to be submitted to the jury on the question of whether one defendant breached its warranty of a leak-proof casket where it tended to show that the casket was found floating in water in its vault, that some liquid was observed in the bottom of the casket when it was removed from the flooded vault, and that condensation, leakage of body fluids, and leakage of embalming fluids would normally cause some liquid to collect in the bottom of a casket, and where plaintiffs did not present any evidence that the liquid found in the casket was water or that the casket had leaked.

APPEAL by plaintiffs from *Small, Judge.* Judgment entered 23 October 1981 in Superior Court, CHOWAN County. Heard in the Court of Appeals 13 April 1983.

Plaintiffs, the nine children of Sophie Harris Blount, deceased, instituted this civil action against the defendants, Oscar Blair, Batesville Casket Company, and Dupont Davis, in contract and in tort for the faulty burial of their mother, Sophie Harris Blount. The plaintiffs alleged that they were entitled to recover both compensatory and punitive damages from the defendants for breach of contract, breach of warranty, negligence, and unfair or deceptive trade practices.

At trial, evidence was offered tending to show the following: Plaintiffs contracted with the defendant Blair to have him bury the body of their deceased mother. On 2 January 1977 Blair conducted the burial, using a casket purchased from defendant Batesville and a vault that was provided and installed by defendant Davis. On 9 May 1978 plaintiff Lightfoot was visiting the gravesite. She noticed the vault was tilted and filled with water, and the casket inside was visible. The top and bottom parts of the vault had been manufactured separately, and did not join in a perfect seal. Blair was summoned immediately and he removed the casket, which was floating in water, to the Blair Funeral Home where plaintiff Lightfoot asked to see the body. The body was badly decomposed and there was some liquid in the bottom of the casket. On 11 May 1978 defendant Blair reburied the body in a new Batesville casket and in a new vault supplied and installed by defendant Davis. Defendant Davis applied a sealing substance to the vault, but did not cover the grave with dirt since, in his opinion, the sealant and dirt needed time to dry before the dirt could be properly packed around the vault. Shortly thereafter a heavy rain came. Plaintiff Lightfoot again visited the grave and saw that the vault was tilted and surrounded by water. Defendant Blair opened the vault and found water inside. He removed the casket, provided a different type of vault, and buried the body again. No problems have arisen since. Representatives of Batesville testified that they found no evidence of leakage in their casket, which was warranted as leakproof. A medical expert testified that the decomposition of the body was not unusual, and that condensation, leakage of body fluids, and leakage of embalming fluids were normal. Plaintiffs did not pay defendants for the reburials.

Prior to trial, defendant Batesville's motion for summary judgment as to the plaintiffs' claim for punitive damages was

granted. At the close of the plaintiffs' evidence, the trial court granted the motions of defendants Blair and Davis for directed verdicts as to the plaintiffs' claims for punitive damages. Also at the close of plaintiffs' evidence the trial court allowed the motion of defendant Batesville for directed verdict as to the plaintiffs' claim for damages based on unfair or deceptive trade practices under N.C. Gen. Stat. § 75-1.1. At the conclusion of all the evidence, the trial court granted the motion for directed verdict made by defendant Batesville. The Court also at that time allowed the motion of defendant Blair for directed verdict as to plaintiffs' claim against him based on negligence.

The following issues were submitted to and answered by the jury as indicated:

1. Did the defendant Blair breach his contract with the plaintiffs?

ANSWER: No

2. If not, were the plaintiffs injured by unfair or deceptive trade practices of the defendant Blair?

ANSWER: No

3. Were the plaintiffs damaged by the negligence of the defendant Davis?

ANSWER: No

4. If not, were the plaintiffs injured by unfair or deceptive trade practices of the defendant Davis?

ANSWER: No

5. Are the plaintiffs' claims against the defendant Blair barred by an accord and satisfaction?

ANSWER: _____

6. What amount, if any, are the following entitled to recover in damages?

A. Matilda Blount Ransom

ANSWER: _____

B. Mary Blount Nixon

ANSWER: _____

C. Henry Blount

ANSWER: _____

D. Martha Blount James

ANSWER: _____

E. Vansie Blount

ANSWER: _____

F. Josephine Blount Matthews

ANSWER: _____

G. Noah Blount

ANSWER: _____

H. Priscilla Blount Ballard

ANSWER: _____

I. Lillie Blount Lightfoot

ANSWER: _____

From summary judgment for defendant Batesville on punitive damages, from a judgment directing verdicts for Blair and Davis on punitive damages, directing a verdict for defendant Batesville on unfair or deceptive trade practices, directing a verdict for defendant Batesville on all claims against it, and directing a verdict for defendant Blair on negligence, and from a judgment entered on the verdict, plaintiffs appeal.

*Bridgers, Horton & Simmons, by Edward B. Simmons, for the plaintiffs, appellants.*

*Leroy, Wells, Shaw, Hornthal & Riley, by L. P. Hornthal, Jr. for defendant-appellee, Oscar Blair.*

*Young, Moore, Henderson & Alvis, by George M. Teague and Joseph W. Williford for defendant-appellee, Batesville Casket Company.*

*Carter W. Jones, Charles A. Moore, and Kevin M. Leahy for defendant-appellee, Dupont Davis.*

HEDRICK, Judge.

[1] Plaintiffs contend the trial court erred in granting defendant Blair's motion for a directed verdict as to the negligence claim against him. "The standard for entry of a directed verdict is that the evidence, when viewed in the light most favorable to the nonmovant, is insufficient as a matter of law to support a verdict in favor of the non-movant." *Oakley v. Oakley*, 54 N.C. App. 161, 163, 282 S.E. 2d 589, 590 (1981) (citation omitted).

Plaintiffs' negligence claim against defendant Blair was predicated upon Blair's use of defendant Davis to supply and install the vault, and upon Blair's embalming and interment of the body. All the evidence tends to show that defendant Davis provided the vault, installed it in the grave, and sealed the casket inside. When the vault was discovered askew, full of water, and the casket visible, defendant Davis furnished another vault and purportedly again sealed the casket inside. There is no evidence in this record that defendant Blair did or failed to do anything which proximately caused any damage to the vault. The decision of Blair and Davis at the second burial to not pack dirt around the grave at that time was based on a reasonable belief that the gravesite needed to dry out. Plaintiffs failed to introduce any evidence that this decision constituted negligence.

Furthermore, plaintiffs did not show that Blair knew or should have known about any alleged incompetence on the part of Davis. To the extent plaintiffs base Blair's negligence on the performance of Davis, plaintiffs have not been prejudiced by the directed verdict for Blair on negligence.

Nor was there sufficient evidence to submit to the jury the question of whether defendant Blair negligently embalmed or interred the body. The uncontroverted testimony of a medical expert established that the decomposition of the body was within normal bounds. There is no evidence that the body had been negligently prepared or negligently placed in the casket and vault. The trial judge ruled correctly on defendant Blair's motion for directed verdict as to negligence.

[2] Plaintiffs further contend that the trial court erred in granting the motions of defendants Blair and Davis for directed verdicts on the plaintiffs' claims for punitive damages. Plaintiffs base

their claim on defendants' failure to conduct a satisfactory reburial on 11 May 1978, knowing the distraught condition of the plaintiffs. Blair and Davis made a reasonable and well-intentioned effort to properly rebury the body. Plaintiffs did not prove intentional wrongdoing or wanton and reckless disregard of plaintiffs' feelings, so no basis for punitive damages exists. In any event, plaintiffs have not been prejudiced because they were not awarded any actual damages. "Punitive damages may not be awarded where plaintiff is not entitled to recover any compensatory damages." *Phillips v. Insurance Co.*, 43 N.C. App. 56, 59, 257 S.E. 2d 671, 673 (1979) (citation omitted).

Plaintiffs contend the trial court erred in not instructing the jury as they requested concerning damages for mental anguish arising from breach of contract. No error occurred because the requested instruction was delivered in substance even though not in the plaintiffs' exact words. *King v. Higgins*, 272 N.C. 267, 158 S.E. 2d 67 (1967). In addition, the jury found no breach of contract, so there no longer exists an issue as to mental anguish damages arising from a breach of contract.

[3] Plaintiffs also maintain that the trial court erred in allowing defendant Batesville's motion for directed verdict at the close of all the evidence. Defendant Batesville warranted that its casket was leakproof; plaintiffs' claim against Batesville was that this warranty had been breached. The plaintiffs' evidence indicated that some liquid was observed in the bottom of the casket when it was removed from the flooded vault. Other evidence revealed that the casket was floating in the water. Defendants' medical expert testified that condensation, leakage of body fluids, and leakage of embalming fluids would normally cause some liquid to collect in the bottom of a casket. Plaintiffs did not present any evidence that the liquid was water or that the casket leaked, while defendants demonstrated that liquid in the casket came from the body. There was insufficient evidence to submit to the jury the question of whether Batesville breached its warranty of a leakproof casket.

Plaintiffs contend that the trial court erred by instructing the jury that photographs could be considered only as illustrative evidence. However, the plaintiffs failed to object to this instruction as required by Rule 10(b)(2) of the North Carolina Rules of

Appellate Procedure; so this Court will not review the instruction.

Finally, plaintiffs assert that the trial court should have granted their motion for a new trial based upon the errors discussed above. Because plaintiffs' contentions are without merit, the trial court properly refused to grant a new trial.

No error.

Chief Judge VAUGHN and Judge ARNOLD concur.