Maki v. State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand fifteen.

PRESENT:
> **RICHARD C. WESLEY,**
> **DEBRA ANN LIVINGSTON,**
> **SUSAN L. CARNEY,**
> *Circuit Judges.*

_____

**Frank D. Maki,**

> *Plaintiff-Appellant,*

> v.

> No. 14-897

**State of New York, State of New York Department of Health Office of Professional Medical Conduct, Justice Jonathan Lippman, Justice Karen K. Peters, Justice Edward O. Spain, Justice Elizabeth A. Garry, John C. Egan, Jr., Justice William E. McCarthy, Eugene Peckham, Deborah Goodrich, Shawn Nash, Bassett Healthcare, Dr. Shannon Conrad, Dr. James Leonardo,**

> *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**   Frank D. Maki, *pro se*, Walton, NY.

**FOR DEFENDANTS-APPELLEES:**   Kate H. Nepveu, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY; Shawn F. Brousseau, Napierski, VanDenburgh, Napierski & O'Connor LLP, Albany, NY, *for* Bassett Healthcare, Shannon Conrad, and James Leonardo; Thomas J. O'Connor, Napierski, VanDenburgh, Napierski & O'Connor LLP, Albany, NY and Shawn T. Nash, *pro se*, Albany, NY, *for* Shawn Nash.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*, Peebles, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Frank D. Maki, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his complaint on the recommendation of the assigned magistrate judge. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's *sua sponte* dismissal of a complaint. *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are to "be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

Maki correctly observes that before the district court adopted the magistrate judge's recommendation to dismiss his complaint, he was entitled to *de novo* review of those portions of the magistrate judge's report to which he objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Although the phrasing of the district court's order suggests that it may have reviewed the report and recommendation only for clear error, even assuming the court applied the incorrect standard of review, that error was harmless because our independent and *de novo* review of the entire record reveals that the magistrate judge's recommendations were correct and Maki's objections were without merit. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 n.7 (2d Cir. 2009). We therefore affirm for substantially the same reasons stated by the magistrate judge in his thorough December 5, 2013 report and recommendation.

We have considered all of Maki's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>

3