ELMORE, Judge.
 

 *600
 
 Tommy Lee Honeycutt ("plaintiff" or "Tommy") appeals from an order dismissing his amended complaint against Brenda Honeycutt Harris Weaver ("defendant" or "Brenda") on the basis that his six claims for relief are either barred by the applicable statutes of limitation or are within the exclusive jurisdiction of the clerk of court. For the reasons stated herein, we affirm.
 

 I.
 

 This appeal arises out of a dispute between brother and sister regarding the distribution of their mother's assets both before and after her death.
 

 On 15 August 2002, Margaret L. Honeycutt ("Margaret") executed a last will and testament providing that her daughter, Brenda, be appointed executor of her estate and that all of her property be divided equally between her two children, Tommy and Brenda.
 

 On 10 December 2004, Margaret executed a durable power of attorney appointing Brenda as her attorney-in-fact. The statutory form included an authorization for Brenda to make gifts from Margaret to Brenda herself as the named attorney-in-fact, but only in accordance with Margaret's history of making or joining in the making of lifetime gifts.
 

 On 2 June 2005, Brenda, acting as Margaret's attorney-in-fact, executed a general warranty deed conveying lots 48-53 on the map of Blueberry Hills Development ("the real property") from Margaret to Brenda herself. This conveyance was made for no taxable consideration, and the deed was signed by Brenda and recorded in the Forsyth County Registry.
 

 Margaret died on 8 June 2010. According to Tommy, Margaret owned various items of personal property at the time of her death, including but not limited to household belongings and furnishings, bank accounts, a 1977 Midas motorhome, and a 1996 Chevrolet Blazer vehicle ("the personal property"), all of which should have been divided equally between Tommy and Brenda as prescribed by Margaret's will. However, Brenda did not apply to be appointed executor of Margaret's estate immediately following Margaret's death; instead, she submitted Margaret's will and death certificate for filing with the clerk of court, and she represented to the clerk that Margaret had no remaining assets to be divided and that no probate of Margaret's will would be necessary.
 

 At an unspecified time after Margaret's June 2010 death, Tommy discovered that Brenda had used her power as Margaret's attorney-in-fact
 
 *601
 
 in June 2005 to convey the real property from Margaret to Brenda. He also discovered that Brenda had taken possession of Margaret's personal property. Tommy alleges that, despite his repeated demands, Brenda refused to divide the property with Tommy.
 

 On 20 June 2013, more than three years after Margaret's death, Tommy filed a petition with the clerk of court requesting that Brenda be deemed to have renounced her right to be executor of Margaret's estate. No executor of Margaret's estate had been appointed prior to Tommy's petition, nor was one appointed during the pendency of his petition.
 

 On 25 April 2016, the clerk of court issued an order providing that Brenda would have until 28 April 2016 to file an application for probate and letters testamentary for Margaret's estate.
 

 *862
 
 On 2 May 2016, the clerk of court issued letters testamentary appointing Brenda as executor of Margaret's estate.
 

 On 20 September 2016, Tommy filed his initial complaint against Brenda in her individual capacity and as executor of Margaret's estate. In his complaint, Tommy alleged that Brenda's conveyance of the real property from Margaret to Brenda in June 2005 constituted an unlawful, self-dealing conveyance in violation of Brenda's fiduciary duty to Margaret as her attorney-in-fact. Tommy also alleged that Brenda's failure and refusal to divide Margaret's personal property after Margaret's death in June 2010 constituted conversion of personal property belonging to Margaret's estate and to Tommy, as well as an additional breach of Brenda's fiduciary duty to Margaret. As a result of Brenda's conduct, Tommy alleged compensatory damages in excess of $25,000.00 as well as entitlement to punitive damages in excess of $25,000.00.
 

 On 2 November 2016, Brenda filed a motion to dismiss Tommy's complaint for failure to state a claim upon which relief could be granted. In her motion, Brenda alleged that Tommy's claims for self-dealing, violation of fiduciary duty, and conversion were barred by the applicable statutes of limitation. Brenda also alleged that Tommy's claim that Brenda had failed and refused to divide Margaret's personal property was an issue within the exclusive jurisdiction of the clerk of court and, therefore, should be dismissed for lack of subject matter jurisdiction.
 

 On 9 December 2016, Tommy filed an amended complaint, which Brenda stipulates relates back to the initial filing date of 20 September 2016. Tommy's amended complaint was essentially the same as his initial complaint, but it enumerated six specific causes of action as follows: (1) request for declaratory judgment to void the real property conveyance,
 
 *602
 
 (2) breach of fiduciary duty, (3) constructive fraud, (4) conversion, (5) unjust enrichment, and (6) punitive damages.
 

 On 13 December 2016, Brenda filed a motion to dismiss Tommy's amended complaint, again alleging that Tommy's claims were barred by the applicable statutes of limitation or jurisdictional defect pursuant to Rules 12(b)(6) and 12(b)(1) of the Rules of Civil Procedure, N.C. Gen. Stat. § 1A-1 (2015).
 

 On 5 January 2017, the trial court held a hearing on Brenda's motion to dismiss Tommy's amended complaint. The court granted the motion and dismissed the complaint by order entered 11 January 2017 ("the dismissal order"). The dismissal order includes no findings of fact, stating only that
 

 After reviewing the Amended Complaint and the parties' briefs and supporting cases and statutes, and after hearing counsel's arguments, the Court concluded that Plaintiff's claims are barred by the applicable statutes of limitations,
 
 N.C. Gen. Stat. § 1-52
 
 (1) & (4) & 1-56, or are within the exclusive jurisdiction of the Clerk of Court, N.C. Gen. Stat. § 28A-2-4, and the Court therefore allowed the Motion.
 

 Tommy filed timely notice of appeal from the dismissal order.
 

 II.
 

 On appeal, Tommy contends that the trial court erred in granting Brenda's motion to dismiss his amended complaint on the basis that his claims are barred by the applicable statutes of limitation.
 

 First, Tommy argues that his claims for breach of fiduciary duty and constructive fraud are governed by the 10-year statute of limitations under
 
 N.C. Gen. Stat. § 1-56
 
 (2015), and that the statute did not begin running until Tommy had knowledge of the real property conveyance from Margaret to Brenda. In the alternative, Tommy asserts that
 
 N.C. Gen. Stat. § 1-24
 
 (2015) operated to stay the 10-year statute of limitations from 20 June 2013 to 2 May 2016-while Tommy's petition was pending with the clerk of court and no executor had been appointed to Margaret's estate-such that his claims were instituted within the limitations period even if the statute began running, as Brenda contends, at the time of the June 2005 conveyance.
 

 Next, Tommy argues that his request for declaratory judgment is governed by the 20-year statute of limitations for adverse possession under
 
 N.C. Gen. Stat. § 1-40
 
 (2015) because the deed from Margaret to
 
 *603
 
 Brenda
 
 *863
 
 did not pass color of title. In the alternative, Tommy argues that this claim is governed by the 10-year statute of limitations for actions upon an instrument of conveyance of an interest in real property under
 
 N.C. Gen. Stat. § 1-47
 
 (2) (2015), and he again asserts that
 
 N.C. Gen. Stat. § 1-24
 
 operated to stay the limitations period for nearly three years.
 

 As to his conversion claim, Tommy argues that this claim amounts to an additional breach of fiduciary duty and constructive fraud and, therefore, is governed by the 10-year statute of limitations applicable to those claims under
 
 N.C. Gen. Stat. § 1-56
 
 . Tommy fails to cite any legal authority in his brief for this particular contention; nevertheless, he summarily asserts that "[t]hese claims were instituted well within the 10 year statute of limitations as [Margaret] passed away on June 8, 2010 and [Brenda] was not appointed as executor of [Margaret's] estate until May 2, 2016." Brenda, however, maintains that Tommy's conversion claim is governed by the 3-year statute of limitations under
 
 N.C. Gen. Stat. § 1-52
 
 (4).
 

 Lastly, Tommy contends that the trial court erred in concluding that any of his claims are within the exclusive jurisdiction of the clerk of court because under N.C. Gen. Stat. § 28A-2-4(c)(2) (2015), the clerk does not have such jurisdiction over "[a]ctions involving claims for monetary damages, including claims for breach of fiduciary duty, fraud, and negligence." Tommy argues that his assertion that Brenda has failed and refused to divide the personal property in accordance with Margaret's will is not an estate proceeding within the clerk's exclusive jurisdiction, but an element of his claim for breach of fiduciary duty, for which he seeks monetary damages.
 

 We note that Tommy also brought claims against Brenda for unjust enrichment and punitive damages. In his brief, Tommy fails to address his unjust enrichment claim, which is therefore deemed abandoned on appeal.
 
 See
 
 N.C. R. App. P. 28(a). As to Tommy's claim for punitive damages, a plaintiff cannot maintain an action
 
 only
 
 to collect punitive damages; rather, he must first show that he is entitled to recover actual damages on an underlying claim.
 
 See
 

 Ransom v. Blair
 
 ,
 
 62 N.C. App. 71
 
 , 76,
 
 302 S.E.2d 306
 
 , 309 (1983).
 

 III.
 

 Our standard to review the trial court's dismissal order is well established.
 

 The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the
 
 *604
 
 motion the allegations of the complaint must be viewed as admitted, and on that basis the [trial] court must determine as a matter of law whether the allegations state a claim for which relief may be granted.
 

 Stanback v. Stanback
 
 ,
 
 297 N.C. 181
 
 , 185,
 
 254 S.E.2d 611
 
 , 615 (1979) (citations omitted). "This Court must conduct a
 
 de novo
 
 review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct."
 
 Leary v. N.C. Forest Prods., Inc.
 
 ,
 
 157 N.C. App. 396
 
 , 400,
 
 580 S.E.2d 1
 
 , 4 (2003).
 

 "[An affirmative] statute of limitations defense may properly be asserted in a Rule 12(b)(6) motion if it appears on the face of the complaint that such a statute bars the claim."
 
 Horton v. Carolina Medicorp, Inc.
 
 ,
 
 344 N.C. 133
 
 , 136,
 
 472 S.E.2d 778
 
 , 780 (1996). The statute of limitations applicable to a particular claim begins running when that claim accrues, which generally occurs at the moment a complete and present cause of action exists to allow a plaintiff to file suit and obtain relief.
 
 N.C. Gen. Stat. § 1-15
 
 (a) (2015). "Once a defendant raises a statute of limitations defense, the burden of showing that the action was instituted within the prescribed period is on the plaintiff. A plaintiff sustains this burden by showing that the relevant statute of limitations has not expired."
 
 Horton
 
 ,
 
 344 N.C. at 136
 
 ,
 
 472 S.E.2d at 780
 
 (citations omitted).
 

 Here, the dismissal order refers to the relevant statutes of limitation as
 
 N.C. Gen. Stat. §§ 1-52
 
 (1), 1-52(4), and 1-56. Although the order fails to specify which statute governs each particular claim,
 
 N.C. Gen. Stat. § 1-52
 
 (4) provides that a 3-year statute of limitations governs actions for conversion of goods or chattels. Likewise, "[a]llegations
 
 *864
 
 of breach of fiduciary duty that do not rise to the level of constructive fraud are governed by the [3]-year statute of limitations applicable to contract actions contained in
 
 N.C. Gen. Stat. § 1-52
 
 (1) [.]"
 
 Toomer v. Branch Banking & Trust Co.
 
 ,
 
 171 N.C. App. 58
 
 , 66,
 
 614 S.E.2d 328
 
 , 335 (2005). Where such allegations do give rise to a claim of constructive fraud, that claim falls under the 10-year statute of limitations contained in
 
 N.C. Gen. Stat. § 1-56
 
 .
 

 Id.
 

 at 67
 
 ,
 
 614 S.E.2d at 335
 
 .
 
 N.C. Gen. Stat. § 1-56
 
 provides that "[a]n action for relief not otherwise limited by this subchapter may not be commenced more than 10 years after the cause of action has accrued." Thus, where no other statute establishes the statute of limitations for a particular claim, the residual or "catch-all" period of 10 years set out in
 
 N.C. Gen. Stat. § 1-56
 
 applies.
 
 *605
 

 IV.
 

 Tommy contends, and Brenda stipulates, that the 10-year statute of limitations under
 
 N.C. Gen. Stat. § 1-56
 
 applies to his claims for breach of fiduciary duty and constructive fraud insofar as those claims are based on Brenda's alleged self-dealing in executing the June 2005 deed from Margaret to Brenda.
 

 As to his request for declaratory judgment, Tommy alleges-without presenting any authority in support of his position, other than a bare reference to two statutes-that because Brenda "knowingly exceeded her authority as attorney-in-fact" under
 
 N.C. Gen. Stat. § 32
 
 -A2 (2015) and "gifted herself the property ... without providing any valuable consideration," the deed does not pass color of title. According to Tommy, Brenda's only claim to the property would therefore be by adverse possession, which Tommy asserts has a 20-year statute of limitations under
 
 N.C. Gen. Stat. § 1-40
 
 . We disagree with Tommy's argument on several grounds, the first being that the doctrine of adverse possession is at all relevant to the resolution of this matter.
 

 In order to acquire title by adverse possession, an individual generally must possess the property "adversely to all other persons for 20 years," among other requirements.
 
 N.C. Gen. Stat. § 1-40
 
 . Challenges to an individual's possession "under color of title," however, are subject to a 7-year statute of limitations pursuant to
 
 N.C. Gen. Stat. § 1-38
 
 (2015).
 

 Color of title may be defined to be a writing, upon its face professing to pass title, but which does not do it, either from a want of title in the person making it or the defective mode of conveyance which is used; and it would seem that it must not be so obviously defective that no man of ordinary capacity could be misled by it.
 

 White v. Farabee
 
 ,
 
 212 N.C. App. 126
 
 , 132-33,
 
 713 S.E.2d 4
 
 , 9 (2011) (citations and internal quotation marks omitted). "It is well established that a deed may constitute color of title to the land described therein."
 

 Id.
 

 "When the deed is regular upon its face and purports to convey title to the land in controversy, it constitutes color of title."
 

 Id.
 

 Here, the premise of Tommy's argument that a 20-year statute of limitations applies to his request for declaratory judgment is that the deed purports to pass title to Brenda but does not in fact do so because of a defect in the method of conveyance. Notwithstanding the fact that Brenda does not claim to have acquired title by adverse possession or to have fulfilled the additional requirements for application of that
 
 *606
 
 doctrine, Tommy's own argument demonstrates that the deed to Brenda passes the appearance or "color" of title, if not title in fact. Thus, a claim challenging Brenda's allegedly adverse possession of the real property would be subject to a 7-year statute of limitations under
 
 N.C. Gen. Stat. § 1-38
 
 , not a 20-year limitations period under
 
 N.C. Gen. Stat. § 1-40
 
 , as Tommy contends.
 

 Tommy argues, in the alternative, that the 10-year statute of limitations under
 
 N.C. Gen. Stat. § 1-47
 
 (2) -a statute not cited in the dismissal order-applies to his request for declaratory judgment, while Brenda maintains that the claim is governed by the residual 10-year statute of limitations under
 
 N.C. Gen. Stat. § 1-56
 
 . Regardless of which 10-year limitation period is more appropriate, however, Tommy asserts that the period did not begin running as to his claims
 
 *865
 
 for breach of fiduciary duty, constructive fraud, and declaratory judgment until he had knowledge of Brenda's allegedly self-dealing conveyance. We disagree.
 

 "An action for fraud accrues when
 
 the aggrieved party
 
 discovers the facts constituting the fraud, or when, in the exercise of due diligence, such facts should have been discovered."
 
 Shepherd v. Shepherd
 
 ,
 
 57 N.C. App. 680
 
 , 682,
 
 292 S.E.2d 169
 
 , 170 (1982) (emphasis added). Where a confidential relationship exists between the parties, the aggrieved party "is under no duty to make inquiry until something occurs to excite his suspicions," so long as he does not purposefully remain ignorant of such facts.
 
 Vail v. Vail
 
 ,
 
 233 N.C. 109
 
 , 116-17,
 
 63 S.E.2d 202
 
 , 208 (1951).
 

 Between the signing of the deed in June 2005 and her death in June 2010, the aggrieved party here was Margaret, not Tommy. "She alone had the right to maintain an action for redress in her lifetime[.]"
 
 Id.
 
 at 118,
 
 63 S.E.2d at 209
 
 . In filing his complaint, Tommy did not contend that Brenda concealed the deed from Margaret or that Margaret otherwise did not know about the deed,
 
 [1]
 
 nor did he allege that Margaret was ever incompetent such that she would have been unable to discover the allegedly fraudulent conveyance prior to her death. For these reasons, we hold that the 10-year limitation period applicable to Tommy's claims for breach of fiduciary duty, constructive fraud, and declaratory judgment began running in June 2005, when the conveyance was made.
 

 *607
 
 Tommy could have sued Brenda between Margaret's death in June 2010 and the expiration of the statute of limitations in June 2015, but he did not file his complaint until September 2016.
 
 See
 

 Holt v. Holt
 
 ,
 
 232 N.C. 497
 
 , 501,
 
 61 S.E.2d 448
 
 , 452 (1950) ("[I]f the cause of action still exists in the person making the conveyance at the time of his death, it passes to those who then succeed to his rights.");
 
 see also
 

 Vail
 
 ,
 
 233 N.C. at 118
 
 ,
 
 63 S.E.2d at 209
 
 ("[W]hen the statute of limitations has started running against the ancestor, but at his death the action is not barred, the statute continues to run against the heir or devisee."). Nevertheless, Tommy argues that his claims are not barred by the statute of limitations because
 
 N.C. Gen. Stat. § 1-24
 
 operated to stay the 10-year limitations period for nearly three years, during which time Tommy's petition to have the clerk of court deem that Brenda had renounced her right to be executor was pending. We are not persuaded by Tommy's effort to avoid dismissal.
 

 N.C. Gen. Stat. § 1-24
 
 , titled "Time during controversy on probate of will or granting letters," provides as follows:
 

 In reckoning time when pleaded as a bar to actions, that period shall not be counted which elapses during any controversy on the probate of a will or granting letters of administration, unless there is an administrator appointed during the pendency of the action, and it is provided that an action may be brought against him.
 

 It is apparent from the title and plain language of the statute that the purpose of its staying provisions are to assist an aggrieved party in a controversy regarding probate of a will or granting of letters testamentary, where his cause of action would be against the executor of an estate. Under such circumstances, if no executor has been appointed, the aggrieved party may be unable to bring an action within the applicable limitations period due to the simple fact that no executor exists for him to sue.
 

 N.C. Gen. Stat. § 1-24
 
 has no application here, where Tommy's claims are not related to the probate of Margaret's will, but to the conveyance of real property by Brenda while acting as Margaret's attorney-in-fact. We therefore hold that Tommy failed to bring his claims for breach of fiduciary duty, constructive fraud, and declaratory judgment within the applicable 10-year statute of limitations, which ran uninterrupted from June 2005 until June 2015.
 

 *608
 

 *866
 

 V.
 

 The only issue remaining on appeal is whether the trial court erred in dismissing Tommy's conversion claim against Brenda.
 

 In his complaint, Tommy made the following allegations in reference to Brenda's acts of conversion:
 

 29. [Brenda], as appointed Executrix of the estate of [Margaret], unlawfully converted the personal property of [Margaret] for [Brenda's] own use and benefit. This unlawful conversion constituted constructive fraud.
 

 ....
 

 32. [Brenda's] self dealing actions, as attorney-in-fact, in deeding to herself lots 48-53 of Blueberry Hills Development, constitute conversion of the property of [Margaret].
 

 33. [Brenda's] self dealing actions in refusing to transfer to [Tommy] his share of the personal property of [Margaret] and keeping that personal property for her own uses constitutes conversion of the property of [Margaret].
 

 34. [Brenda's] unlawful conversion of the property of [Margaret] for [Brenda's] own use, and her failure to divide said property as directed in [Margaret's will], constituted a breach of her fiduciary duty to [Margaret] and her estate, which includes [Tommy].
 

 On appeal, Tommy's entire argument that his conversion claim is not barred by the applicable statute of limitations consists of a single paragraph, which reads as follows:
 

 As noted above, [Tommy] alleges that [Brenda] converted items of [Margaret's] personal property including household belongings, bank accounts, household furnishings, a 1977 Midas Motor home, and a 1996 Blazer vehicle. Further, [Tommy] alleges that [Brenda] refused to include in the estate of [Margaret] lots 48-53 on the map of the Blueberry Hills Development, despite the fact that those lots were improperly transferred. The failure to include the above items of property in [Margaret's] estate is the basis for [Tommy's] claims for breach of fiduciary duty and constructive fraud. These claims were instituted well within the 10 year statute of limitations as [Margaret] passed
 
 *609
 
 away on June 8, 2010 and [Brenda] was not appointed as executor of [Margaret's] estate until May 2, 2016.
 

 Here, Tommy fails to cite any legal authority or to set forth a cohesive argument for his conversion claim as an independent cause of action with its own statute of limitations; rather, Tommy relies entirely on his breach of fiduciary duty and constructive fraud claims in asserting that the applicable statute of limitations is 10 years. We disagree.
 

 First, we note that insofar as Tommy's claims relate to Brenda's conveyance of the real property, those claims accrued in June 2005 and are, therefore, barred by the applicable statute of limitations. Second, by his own admission, Tommy discovered that Brenda had taken possession of Margaret's personal property following Margaret's death in June 2010. After making repeated demands for Brenda to divide the property with Tommy, Tommy filed a petition with the clerk of court in June 2013 requesting that Brenda be deemed to have renounced her right to be executor of Margaret's estate. Third, from June 2010 until May 2016, Brenda was neither Margaret's attorney-in-fact nor the executor of Margaret's estate, and she therefore owed no fiduciary duty to Margaret, Margaret's estate, or Tommy during that time.
 

 N.C. Gen. Stat. § 1-52
 
 (4) provides that a 3-year statute of limitations governs actions for conversion of goods or chattels. "As a general rule, the claim accrues, and the statute begins to run, when the unauthorized assumption and exercise of ownership occurs[.]"
 
 Stratton v. Royal Bank of Can.
 
 ,
 
 211 N.C. App. 78
 
 , 83,
 
 712 S.E.2d 221
 
 , 227 (2011).
 

 Here, Tommy's right to sue Brenda for conversion accrued upon Margaret's death in June 2010, but he did not file his complaint until 2016. We therefore hold that Tommy failed to bring his claim for conversion within the applicable 3-year statute of limitations under
 
 N.C. Gen. Stat. § 1-52
 
 (4).
 

 VI.
 

 Because Tommy's claims against Brenda for breach of fiduciary duty, constructive
 
 *867
 
 fraud, and declaratory judgment accrued with the conveyance of the real property in June 2005, we hold that Tommy failed to file those claims within the applicable 10-year statute of limitations period. Additionally, because Tommy's claim against Brenda for conversion of the personal property accrued with Margaret's death in June 2010, we hold that Tommy failed to file that claim within the applicable 3-year limitations period. Tommy's reliance on
 
 N.C. Gen. Stat. § 1-24
 
 is misplaced, as that statute does not operate to stay the limitations period
 
 *610
 
 where the underlying cause of action does not constitute a controversy on the probate of a will or granting of letters testamentary.
 

 Lastly, because we hold that Tommy's claims for breach of fiduciary duty, constructive fraud, declaratory judgment, and conversion are barred by the applicable statutes of limitation, and because Tommy's claim for unjust enrichment has been abandoned on appeal, we do not address Tommy's contention that the trial court erred in concluding that any of his claims are within the exclusive jurisdiction of the clerk of court.
 

 The order of the trial court granting Brenda's motion to dismiss Tommy's complaint is hereby:
 

 AFFIRMED.
 

 Judges STROUD and TYSON concur.
 

 [1]
 

 In his brief, Tommy states, "Upon information and belief, [Margaret] had no knowledge of this transfer." However, no such allegation is contained in the record on appeal.
 
 See
 
 N.C. R. App. P. 28(e) ;
 
 see also
 

 Long v. City of Charlotte
 
 ,
 
 306 N.C. 187
 
 , 190,
 
 293 S.E.2d 101
 
 , 104 (1982) (appellate court considers only what appeared on record before the trial court).